[Civ. No. 4650. Third Appellate District.—September 15, 1932.]

LIZZIE B. THIBAUT, Respondent, v. W. H. KEY et al., Appellants.

[Civ. No. 4651. Third Appellate District.—September 15, 1932.]

HELEN M. THOMASSON, Respondent, v. W. H. KEY et al., Appellants.

Allert F. Ross, Jesse W. Carter, Dallas L. Barrett and Glenn D. Newton for Appellants.

Chenoweth and Leininger for Respondents.

JAMISON, J., *pro tem.*—On September 10, 1931, the plaintiff Lizzie B. Thibaut, a taxpayer of Antelope school district, Shasta County, began her action to have declared void a certain contract of employment of Mrs. Laura E. Moore, entered into between her and the trustees of said

district on May 20, 1931, and to enjoin defendants from issuing, approving or paying warrants as compensation for her services as teacher of said district. On the same date, plaintiff Helen M. Thomasson began her action for a writ of mandate to compel the trustees of said school district to reinstate her in the position of teacher of the school of said district for the school year of 1931–1932. These cases were consolidated for the purpose of trial, and in each case judgment was, on October 17, 1931, rendered in favor of the plaintiff. These cases were also consolidated for the purposes of this appeal, and one brought up on the judgment-roll in the Thibaut case alone.

On May 24, 1930, respondent Thomasson was employed by said trustees to teach the school of said district for the nine months' term beginning August 24, 1930, consisting of 170 school days, at a salary of $1215 for the term. On May 20, 1931, the trustees of said school district entered into a contract with Mrs. Moore by which they employed her to teach the school of said district for the ensuing school term at a salary of $1215 for the term, said school term beginning August 21, 1931. The said school district has only nine pupils, and by reason thereof the trustees are authorized to employ only one teacher to teach the school of said district. The total income or revenue provided for said district for the school year of 1931–1932 was the sum of $1679, and the amount budgeted for teacher's salary was $1215, and no election was held in said school district permitting it to incur an indebtedness in excess of the said sum of $1679. No notice, written or otherwise, was given Miss Thomasson of her dismissal as such teacher prior to June 10, 1931.

It is apparent that the trustees of said school district were without authority to employ, or continue in employment two teachers of the school of said district, for the school year of 1931–1932. The question then to be determined is which one of these teachers was legally employed to teach said school for the said year of 1931–1932.

Section 5401 of the School Code provides that ''Persons in positions requring certification qualifications may be elected on or after May 2nd for the next ensuing school year, and each person so elected shall be deemed to be re-elected from year to year, except as hereinafter specified.''

Section 5681 of said code is as follows: "On or before the 10th day of June in any year the governing board may give notice in writing to a probationary employee that his services will not be required for the ensuing year."

Section 5680 of said code provides that, "Boards of School Trustees, and City and County Boards of Education shall have power, and it shall be their duty to dismiss probationary employees during the school year, for cause only, as in the case of permanent employees."

The court found that respondent Thomasson was employed by said trustees on August 24, 1930, to teach the school of said district for the school year of 1930–1931, and that in pursuance of that employment, she performed her duties as such teacher and taught said school as prescribed by the contract of employment, and that she received no notice of dismissal as such teacher prior to June 10, 1931, or any notice at all, and that by reason of such failure, respondent Thomasson continued to be the legally employed teacher of the school of said district during the school year of 1931–1932.

Appellants contend that the contract of employment of respondent Thomasson ended about the 1st of June, 1931, and that the failure to give her notice of dismissal prior to June 10th of that year could only have the effect, by operation of law, of entering into a new contract with her to teach said school as of the date of June 10, 1931, and that inasmuch as the trustees had, prior to that time, namely, May 20, 1931, already employed Mrs. Moore as the teacher of the school district for the year 1931–1932, that Mrs. Moore, by reason thereof, was the legally employed teacher for that year.

In the case of *Blalock* v. *Ridgway*, 92 Cal. App. 132 [267 Pac. 713, 714], the court quoting from *Owens* v. *Board of Education*, 68 Cal. App. 403 [229 Pac. 881], said: "This contract terminated with the school year 1931–1932, but was deemed continued in force, unless, before the 10th of June, the board should give the appellant notice in writing that her services would not be required for the following school year." Also, the court said: "It seems to us apparent from the authority and from the language of the act, that the legislative intent is manifest to give assurance to the teaching profession of some degree of certainty in their

employment, something akin to civil service in other administrative branches of government. With this intent before us, having in mind that the statute provides that each teacher employed for one year shall be deemed re-employed, except discharged for cause after hearing, or in the case of a probationary teacher, by serving her with a notice in writing on or before June 10th, we conclude that the meaning and intent of the law is, as though it read: 'Permanent teachers cannot be discharged except for good cause, after hearing, and probationary teachers cannot be discharged except for good cause after hearing, or by serving them with written notice on or before June 10th, that their services will not be required for the ensuing school year.' "

It would therefore seem to be clear that the employment of a probationary teacher for the school year of 1930–1931 would thereafter be a continuing employment unless removed for cause after a hearing, or unless notice of dismissal was given on or before June 10th of the next succeeding year.

Respondent Thomasson having been employed as the teacher of said school for the year 1930-1931, she would continue to be such teacher for that school term, and thereafter would continue to be such teacher unless removed for cause, or until she received notice on or before June 10th of 1931. Only one teacher could be employed by the trustees of said school district, the school law limiting them to that number. The employment of either respondent Thomasson or Mrs. Moore was therefore invalid. The trustees were without authority to employ another teacher until they had removed the one then employed as such. They could not remove such teacher by simply employing another, without taking the steps required by law to remove the teacher then employed.

We are therefore of the opinion that the trustees of said school district were without authority to employ Mrs. Moore to teach the school of said district for the year 1931–1932, for the reason that respondent Thomasson was, for said year, the legally employed teacher of said district.

Appellants contend that the obligation to respondent Thomasson for the school term of 1931–1932 was at most a contingent liability prior to June 11, 1931, and therefore

was not a debt within the meaning of article XI, section 18, of the Constitution.

In view of the conclusions which we have reached, we deem it needless to discuss this contention.

The judgments are affirmed.

Plummer, J., and Preston, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 15, 1932, and the following opinion then rendered thereon:

THE COURT.—In the petition by appellants for rehearing, attention is called to the fact that the law limiting the number of teachers in elementary school districts to one for each thirty-five units or fraction of units of average daily attendance of pupils for the preceding year, as provided by section 4.770 of the School Code, was not in force and effect at the date of the employment of teachers for the said district for the year 1931–1932.

Therefore, the following words in the opinion are stricken out, namely: "The said school district has only nine pupils, and by reason thereof the trustees are authorized to employ only one teacher to teach the school of said district." And in lieu thereof the following is inserted: "Section 18 of Article XI of the Constitution prohibits a school district from incurring in any year a liability in excess of the income and revenue provided for such year; therefore, only one teacher could be legally employed by the trustees of said district to teach the school for the year 1931–1932."

Defendants claim that we have overlooked the case of *Martin* v. *Fisher*, 108 Cal. App. 34 [291 Pac. 276], which holds that. under the provisions of the said section of the Constitution the district could incur no indebtedness in any year exceeding the income and revenue provided for that year, and that the trustees having employed Mrs. Moore in May, 1931, another teacher could not be legally employed after that time. In other words, that Mrs. Moore having been employed in May, 1931, and Miss Thomasson's employment having taken place prior to June 10, 1931, therefore the latter's employment was void. We have covered this matter in the opinion by holding that Miss Thomasson's contract was a continuing one, unless, before June 10, 1931,

she was notified of her dismissal. That she was the legally employed teacher of said district when Mrs. Moore was employed, and continued to be such teacher upon the failure of the trustees to notify her of her dismissal prior to June 10, 1931.

The petition for rehearing is denied.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 14, 1932.