[Civ. No. 11162. Second Appellate District, Division One.—May 8, 1937.]

EDWIN WALKER COMSTOCK, Respondent, v. BOARD OF TRUSTEES OF THE COMPTON JUNIOR COLLEGE DISTRICT, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, et al., Appellants.

Everett W. Mattoon, County Counsel, and W. B. McKesson, Deputy County Counsel, for Appellants.

Tanner, Odell & Taft and Robert A. Odell for Respondent.

BISHOP, J., *pro tem.*—The parties are agreed that the question presented on this appeal is entirely one of law, and that it is correctly expressed in these words: "Can a probationary teacher of a junior college district be dismissed during the school year simply by giving him notice of the grounds for his dismissal, or must the procedure for dismissing permanent teachers be followed?" They are also agreed that the answer to the question depends upon the interpretation to be placed upon section 5.680 of the School Code of the State of

California (Stats. of 1929, appendix; Act 7519, Deering's Gen. Laws, 1931), as that section was amended in 1935 (Stats. of 1935, p. 1884) to read: "Governing boards of school districts shall have power and it shall be their duty to dismiss probationary employees during the school year for cause only, as in the case of permanent employees."

█ We are agreed that, due to previous interpretations of the same language in code sections formerly in effect, the answer to the question is that the procedure prescribed for dismissing permanent teachers must be followed.

The plaintiff was a probationary employee of the defendant school district, a district with an average daily attendance of less than 60,000 pupils, when, in December, 1935, an attempt was made to dismiss him for causes other than his incompetency by giving him notice of the fact that a resolution had been passed dismissing him. As we may surmise from the question agreed upon, the procedure required by sections 5.651, 5.653 and 5.654 of the School Code, for the dismissal of a permanent employee upon any of the grounds of dismissal set forth in section 5.650 of the code, was not followed.

A reading of section 5.680, *supra*, at once reveals the uncertainty that gives rise to our problem. Does the phrase: "as in the case of permanent employees", govern a board in its manner of dismissal, or only furnish it, by reference, with the grounds on which a dismissal may be made? The same problem was created by the language of subsection (i) of section 1609 of the Political Code as it provided in 1923 that "Boards of school trustees . . . shall have power and it shall be their duty: . . . (i) To dismiss probationary teachers during the school year for cause, only, as in the case of permanent teachers . . . " Our problem was faced by the court in *Alexander* v. *Manton J. U. School Dist.*, (1927) 82 Cal. App. 330 [255 Pac. 516], when section 1609 of the Political Code was in effect, and the conclusion reached was that the provisions respecting the grounds for and procedure to be followed in case of a dismissal of a permanent teacher, both applied to the dismissal of a probationary teacher. Expressions reiterating this conclusion are found in *Blalock* v. *Ridgway*, (1928) 92 Cal. App. 132, 136 [267 Pac. 713], concerned with section 1609, *supra*, and in *Thibaut* v. *Key*, (1932) 126 Cal. App. 32, 35 [14 Pac. (2d) 138, 15 Pac. (2d) 189], by

which time the Political Code provisions in question had found their way into the School Code.

We see no objection to the interpretation thus placed upon the wording now employed in section 5.680, *supra,* sufficiently strong to tempt us to a new construction.

The judgment authorizing a peremptory writ of mandate to restore the plaintiff to his position and pay him his back salary is affirmed.

York, Acting P. J., concurred.

Doran, J., dissented.