[L. A. No. 27598. In Bank. March 5, 1964.]

RICHARD MESNA et al., Plaintiffs and Appellants, v. CLARENCE DAWSON et al., Defendants and Respondents.

Richard D. Ring for Plaintiffs and Appellants.

Bertram McLees, Jr., County Counsel, and Joseph Kase, Jr., Deputy County Counsel, for Defendants and Respondents.

Stanley Mosk, Attorney General, Elizabeth Palmer, Deputy Attorney General, and Irving G. Breyer as Amici Curiae.

GIBSON, C. J.—Richard Mesna, H. Ross Njaa, and Randall Davidson, who were probationary teachers for the Vista Unified School District of San Diego County, were notified on May 9, 1962, that the school board had determined that

their services would not be required for the ensuing school year. Hearings were requested, which were set for July 10, 1962. Prior to the hearings petitioners sought a writ of mandate in the superior court directing the board to rehire them for the school year 1962-1963. Petitioners Mesna and Njaa have appealed from the judgment denying the writ.

The principal questions presented on this appeal are decided in *Sitzman* v. *City Board of Education of the City of Eureka, ante,* p. 88 [37 Cal.Rptr. 191, 389 P.2d 719], and *Horner* v. *Board of Trustees of Excelsior Union High School Dist., ante,* p. 79 [37 Cal·Rptr. 185, 389 P.2d 713]. In *Sitzman* we held that section 13444 of the Education Code as amended in 1961 is applicable to probationary teachers who were hired before the effective date of the amendment but were not dismissed until after that date. In *Horner* we held that under section 13444 as amended in 1961 probationary teachers who are not reemployed at the end of a school year are entitled to a hearing and that the hearing need not be held prior to May 15 but that the requirement is only that it be held within a reasonable time. ■ There is no claim that holding the hearing on July 10 would have involved an unreasonable delay, and setting the hearing for that date was not unreasonable as a matter of law.

■ Appellants also contend that the notice of dismissal was ineffective because prior to May 15 there had been no resolution or finding by the board that the reasons for not rehiring them related solely to the welfare of the schools and the pupils thereof. Section 13443 of the Education Code, which provides for the notice to a probationary teacher that his services will not be required for the ensuing year, does not provide for such a formal finding or resolution. The sending of the notice by the board obviously implies a determination that there is proper cause for the dismissal.

The judgment is affirmed.

Traynor, J., Schauer, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.