[Civ. No. 15033. First Dist., Div. One. June 23, 1952.]

CLARA TUCKER, Appellant, v. SAN FRANCISCO UNIFIED SCHOOL DISTRICT et al., Respondents.

Alexander S. Keenan, Jr., for Appellant.

Dion R. Holm, City Attorney, Walter A. Dold, Chief Deputy City Attorney, and Irving G. Breyer, for Respondents.

PETERS, P. J.—Clara Tucker, a probationary teacher in San Francisco, sought, by writ of mandate, to compel the San Francisco Board of Education to reemploy her as a school teacher after she had been discharged by the board. The trial court denied the application for a writ, entered its judgment in favor of the board, and Tucker appeals.

There is no conflict as to the facts. On September 2, 1949, Tucker became a regularly appointed and properly accredited probationary teacher in the elementary division of the San Francisco Unified School District. It is conceded that at all times here relevant this school district had an average

daily attendance of more than 60,000 pupils as defined in section 13583 of the Education Code. On April 10, 1950, the superintendent of schools filed written charges of incompetency and unfitness for service with the board, and recommended the dismissal of Tucker at the conclusion of that school year in the interest of the schools and pupils. The specific charges were failure to hold her classes' interest, lack of discipline, lack of planning, lack of emotional stability, lack of attention to the appearance of her classroom, and failure to secure good teaching results.

On the same date—April 10, 1950—a copy of the charges, a copy of the rules and regulations of the board relating to the procedure for the dismissal of probationary teachers, and a letter of transmittal, signed by the superintendent of schools, were sent to Tucker by registered mail. They were received and signed for by Tucker's agent on April 12, 1950. On April 17, 1950, a copy of the letter, with its enclosures, was personally served upon Tucker.

The letter of the superintendent of schools reads as follows:

"This communication will serve to notify you that the Superintendent of Schools filed with the Board of Education at its meeting of April 10, 1950, charges for your dismissal as a probationary teacher of the San Francisco Unified School District effective as of the close of the school year 1949-50.

"Enclosed you will please find a copy of the charges which were filed together with a copy of the rules and regulations adopted by the Board of Education governing the procedure for dismissal of probationary teachers. You will note that under these regulations an opportunity will be granted to you for a hearing before the Board of Education if you so desire provided that you file a demand for such hearing in conformity with these regulations.

"In this connection, these regulations provide as follows:

" '2. The employee shall be deemed to have waived the right to a hearing before the Board of Education unless within 7 days from the date of receipt of the notice the employee files with the Superintendent a written demand for such hearing; provided, however, that if the said employee is absent from or cannot be found within the City and County of San Francisco for service of notice as aforesaid, then the said period of 7 days shall commence to run from the date of deposit of said notice in the mail.'

"The Superintendent sincerely regrets the necessity of filing these charges, but after reviewing carefully the reports rendered by your administrative superiors concerning your services, he feels that there is no other course to follow under the circumstances.

Sincerely,

Herbert C. Clish

Superintendent of Schools

HCC:AC

Encl. A. Copy of Charges

B. Copy of Resolution"

Appellant at no time requested a hearing as required by the quoted rule, and, as a result, she was not notified of the date, time or place of the meeting at which she was dismissed.

The charges were considered by the board on the evening of May 10, 1950. At that time the charges and the letter from the superintendent were read, and the superintendent testified as a witness. He first identified efficiency reports on appellant prepared by her principal, explained how they were prepared, and discussed their function. He pointed out that one such report was filed at the end of each school year for each of the 1,800 probationary teachers, and that additional reports were filed for those teachers whose work was in question. These reports are not filed or prepared in contemplation of a dismissal proceeding. In reference to appellant, there were three such reports filed by her principal. These reports showed the following: Classroom and supplies disorganized and poorly kept; planning not followed through; inadequate training; danger through lack of proper supervision; lack of emotional stability; intimidates her pupils through force and fear; discipline poor; cannot follow through on lesson procedures, etc., etc. The principal, in the reports, discussed each of these complaints. On a rating scale from 1 to 8, 8 being failure and 7 poor, the principal rated personal characteristics, 5; professional qualifications, 7; clerical work, 6; classroom management, 7; teaching ability, 7. One report gives the opinion of the principal that: "I do not think Miss Tucker has the necessary qualifications for a teacher"; another read: "In spite of effort and goodwill on Miss Tucker's part, she has not had adequate training in college, and it will take much time and effort to give her the help needed to make her an effective teacher"; while still another concluded: "I feel that for the safety of the

children in Miss Tucker's class, it is inadvisable to have her continue as a teacher.'' The superintendent testified that from an examination of the personnel file, and as a result of conversations with Miss Tucker's administrative superiors, he had come to the conclusions that Miss Tucker was incompetent as a teacher, and that her retention would not be for the best welfare of the schools or the pupils.

The board then, by a unanimous vote of the five members present (two members were absent), passed a resolution finding that the charges of incompetency and unfitness for service were true, that appellant's dismissal would be for the best welfare of the schools and the pupils, and appellant was discharged. She was·so notified. Thereupon, by writ of mandate in the superior court, she sought to be reinstated. The cause was tried on the record and proceedings before the board. The application for the writ was denied, the trial court concluding that Tucker had waived her right to a hearing and that the dismissal was proper. Tucker appeals.

The basic contention of appellant is that the waiver of the hearing provided for in the rules of the board is invalid as being in excess of the rule-making powers of the board. The solution of this problem requires a reference to the pertinent statutes and to the cases interpreting them.

There are several sections of the Education Code to which reference should be made. Division 7, chapter 11, article 3, of that code deals with ''Dismissal of Probationary Employees.'' There are three sections in that article. Section 13581 provides that: ''Governing boards of school districts shall dismiss probationary employees during the school year for cause only, as in the case of permanent employees.'' This section is here inapplicable because it applies only to dis-·missals ''during the school year,'' and the dismissal here was at the close of a school year. Such dismissals are regulated by sections 13582 and 13583. Section 13582 provides:

''On or before the fifteenth day of May in any year the governing board may give notice in writing to a probationary employee that his services will not be required for the ensuing year.

''The notice shall be deemed sufficient and complete when delivered in person to the employee by the clerk or secretary of the governing board of the school district or deposited in the United States registered mail with postage prepaid, addressed to the employee at his last known place of address.''

Under this section, probationary teachers, generally, may

be notified by the date specified that their services will not be required for the next year, and their employment is terminated without the necessity of a hearing or a finding of cause. But this section is not applicable to probationary teachers employed by school districts such as the one here involved where the average daily attendance is 60,000 or more students. Such districts are covered by section 13583, which provides: "Anything in Section 13582 to the contrary notwithstanding, governing boards of school districts having an average daily attendance of 60,000 or more pupils shall dismiss probationary employees for cause only. The determination of the board as to the sufficiency of the cause for dismissal shall be conclusive, but the cause shall relate solely to the welfare of the schools and the pupils thereof."

█ Under this section appellant could be dismissed "for cause only." That, obviously, implies a hearing and a finding of "cause." There is nothing in the statute providing how such cause shall be determined, how the hearing shall be held, for notice of the hearing, or for a waiver of the right to a hearing by failure to make a demand. Such details, in San Francisco, are taken care of by rules and regulations adopted by the board. Section 2204(a) of the Education Code expressly provides that the governing board of every school district shall have power to: "Prescribe and enforce rules not inconsistent with law or with the rules prescribed by the State Board of Education, for its own government, and for the government of the schools under its jurisdiction."

Thus, the precise question presented is whether rule 2, adopted by the board and providing for a waiver of a hearing, contravenes or is inconsistent with section 13583 above quoted. The questioned rule is part of a whole series of rules applicable to the dismissal of probationary teachers adopted by the board on March 28, 1950, after the decision of the Supreme Court in *Keenan* v. *San Francisco Unified School Dist.*, 34 Cal.2d 708 [214 P.2d 382], decided on February 7, 1950. That case held that section 13583 of the Education Code, in providing for dismissals "for cause only," necessarily required that such · dismissals be preceded by a hearing at which "cause" could be ascertained.

Immediately after the Keenan decision became final, the board here involved proceeded to adopt rules and regulations in an attempt to provide for the hearing required by that decision, and to supply the deficiencies of the statute as to procedure. The rules are entitled "Procedure for Dismissal

of Probationary Teachers" and are nine in number. Rule 1 requires that when the superintendent believes cause exists for the dismissal of a probationary teacher he shall prepare written charges specifying the grounds alleged to exist for the dismissal. He shall then file the same with the board, give notice to the employee, and inform him that he may demand a hearing before the board "as hereinafter provided." The rule then regulates how the notice shall be served and what it shall contain. Rule 2 is the rule that provides for the demand for and waiver of a hearing. It was quoted in full in the superintendent's letter to appellant above set forth. It provides that the employee will be deemed to have waived his right to a hearing unless within seven days of the receipt of the notice he files a written demaned for such hearing. Rule 3 provides that if such a demand is filed, the board shall fix a "time for a public hearing of such charges," and at least five days' notice of such hearing must be given to the employee. Rule 4 gives the employee at such a hearing the right to be represented by counsel, to present evidence, to call and cross-examine witnesses. Rule 5 requires the witnesses to testify, at such a hearing, under oath, and to have the proceedings transcribed without cost to the employee. Rule 6 provides that such hearing "need not be conducted according to technical rules relating to evidence and witnesses." Rule 7 requires that no teacher shall be dismissed except upon a majority vote of the entire board, and that no member may vote who has not either heard or read the testimony. Rule 8 provides when the board shall announce its decision, while rule 9 requires, where dismissal is voted, that a notice of dismissal be sent to the employee.

The Keenan case was decided before these rules were adopted, and at a time when the respondent board customarily dismissed probationary teachers without a hearing. Keenan, a probationary teacher, had been dismissed by the board, for reasons of poor health, without granting her the right to a hearing. The Supreme Court held that the dismissal "for cause only" requirement of section 13583 implies the necessity for a hearing. The opinion is mainly devoted to disposing of the contentions made in that case that section 13583 was invalid because it applied a different rule to large school districts than was applied to other districts by section 13582, and that such classification was unreasonable. The court upheld the classification. It then held (p. 714), quoting with approval from *Bannerman* v. *Boyle,* 160 Cal. 197 [116 P.

732] : " '. . . that if by statute an officer or civil service employee may not be removed or discharged except for cause, the clear implication is that there be afforded an opportunity for a full hearing to accomplish his removal; that unless the statute expressly negatives the necessity of a hearing, common fairness and justice compel the inclusion of such a requirement by implication.' "

Thus, the Keenan case determined that section 13583 is valid, and that the section, by necessary implication, requires that probationary teachers in the large school districts can only be dismissed after being afforded an opportunity for a full hearing. It did not decide, because it did not involve, the question as to whether the board could, by rule, provide for a waiver of a hearing by failure to demand one. Neither did the Keenan case, or any of the cases cited therein, determine what is necessary to meet the requirement of notice and a hearing. The statute itself is silent on this problem. Obviously, such matters were left to the respective boards to be regulated under the rule-making power.

It is, of course, true that under the rule-making power the board has no power to adopt rules that contravene or are inconsistent with the statute. (*Kennedy* v. *Board of Education*, 82 Cal. 483 [22 P. 1042] ; *Malloy* v. *Board of Education*, 102 Cal. 642 [36 P. 948] ; *Fairchild* v. *Board of Education*, 107 Cal. 92 [40 P. 26].) But it is equally true that the board may adopt, under section 2204(a) of the Education Code, rules and regulations "not inconsistent with law" and may supplement the statute with rules that tend to make the statute workable. Thus, the question is, where the statute confers the right to notice and a hearing before a probationary teacher in certain districts may be discharged, but fails to provide any procedure relating to such hearing, may the board, by rule, provide for waiver of the hearing by failure to demand such hearing after notice?

No logical reason has been suggested why such a rule as rule 2 is contrary to or inconsistent with section 13583 or any other provision of law. The nature of the right to the hearing here involved must be considered. Section 13583 expressly or impliedly confers on probationary teachers in districts where the average daily attendance of pupils is 60,000 or more, a limited form of tenure—a tenure, which by statute, may only be terminated for cause after notice and a hearing. But the right of these teachers to such a hearing is not a constitutional right, but is one that is granted and may be

denied by statute. In fact, it is denied to all probationary teachers in districts where the average daily attendance is less than 60,000. ■ The statutory right to the hearing is personal to the teacher and may be waived by such teacher. If the statute itself had provided for such waiver, there could be no doubt of the validity of such waiver provision. (*Reardon* v. *City of Daly City,* 71 Cal.App.2d 759 [163 P.2d 462].)

It is of considerable significance that when the Legislature, by statute, has granted the right to a hearing, and has then set forth the procedure to be followed in enforcing that right, it has customarily provided for a waiver by failure to demand a hearing after notice. Thus, the Education Code provides that permanent teachers may be dismissed only after notice and a hearing. But section 13524 then provides: "If the employee does not demand a hearing, he may be dismissed at the expiration of the 30-day period."

Equally significant are the provisions of the Administrative Procedure Act. Although the provisions of that statute dealing with administrative adjudications do not apply to local boards of education (see Gov. Code, § 11501), they are helpful as indicating what the Legislature believes are the elements of a fair and carefully thought out system of administrative procedure dealing with administrative hearings. Section 11506 of the Government Code provides:

"(a) Within 15 days after service upon him of the accusation the respondent may file with the agency a notice of defense in which he may:

"(1) Request a hearing; . . .

"Within the time specified respondent may file one or more notices of defense upon any or all of these grounds, but all such notices shall be filed within that period unless the agency in its discretion authorizes the filing of a later notice.

"(b) The respondent shall be entitled to a hearing on the merits if he files a notice of defense, and any such notice shall be deemed a specific denial of all parts of the accusation not expressly admitted. Failure to file such notice shall constitute a waiver of respondent's right to a hearing, but the agency in its discretion may nevertheless grant a hearing. . . ."

Similar provisions for waiver are customarily found in various civil service statutes and other administrative procedure statutes. In other words, whenever a statute grants the right to a hearing, where the statute also regulates procedure, it customarily provides for a waiver by failure to demand a hearing after notice. That being so, it seems quite clear that where

the statute is silent as to procedure, and the administrative board has rule-making powers, that such board may provide for a waiver by failure to demand after notice. Such a regulation is not contrary to or inconsistent with the statute, but is supplementary thereto and consistent therewith.

The manner in which the board has interpreted section 13583 and rule 2 is of some importance. It has interpreted them to mean that the probationary teacher who fails to demand a hearing after notice as set forth in rule 2 has waived her right to an adversary public hearing and has, in legal effect, defaulted. But it has interpreted section 13583 with its ''for cause only'' provision to require, even where such default has been made, that the superintendent must still show ''cause.'' Because of the default, the probationer is not entitled to notice of that ''hearing,'' of right, but nevertheless ''cause'' must still be shown. In the instant case, ample ''cause'' was shown. In view of the further provision of section 13583 that ''The determination of the board as to the sufficiency of the cause for dismissal shall be conclusive,'' this interpretation seems reasonable. Certainly, such procedure was extremely fair to appellant and afforded her full protection of all of her statutory rights. It must be remembered that it is just as important a matter of public policy that incompetent teachers, for the protection of the students, be removed, as it is that the tenure rights of the teachers not be improperly impaired. The procedure set up by the rules seems admirably designed to protect both interests.

 The only other question necessary to decide in this case is whether seven days is a reasonable period in which to require a decision from the teacher as to whether he or she desires an adversary public hearing. The period is admittedly short, but we do not think it wholly unreasonable. The time element in such cases is of considerable importance. The governing board must know by May 15th of each year whether the probationary teacher has been discharged or rehired for the ensuing year. In fairness to the probationary teacher, charges looking toward a dismissal at the close of the school year should not be filed until toward the end of that school year so that the teacher's abilities, for as long a period as possible, can be appraised. After service, the teacher has seven days to determine whether he or she desires to contest the charges. Then the teacher, under rule 3, is entitled to a further five days' notice of such hearing. Thus, at the very minimum, the teacher has at least 12 days (and usually longer)

to prepare any defense he or she may have. In view of the subject matter involved, this period is not unreasonable.

The judgment appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 21, 1952.