[S. F. No. 21515. In Bank. March 5, 1964.]

CARL J. SITZMAN, JR., Plaintiff and Appellant, v. CITY BOARD OF EDUCATION OF THE CITY OF EUREKA et al., Defendants and Respondents.

Johnson & Stanton, Gardiner Johnson, Thomas E. Stanton, Jr., and Marshall A. Staunton for Plaintiff and Appellant.

Thomas M. Montgomery, County Counsel, and John D. Cook, Assistant County Counsel, for Defendants and Respondents.

Stanley Mosk, Attorney General, Elizabeth Palmer, Deputy Attorney General, and Irving G. Breyer as Amici Curiae.

GIBSON, C. J.—Petitioner, a probationary teacher of the Eureka High School District, was notified on May 8, 1962, that his services would not be required for the ensuing school

year. He gave timely notice of his defense and requested a hearing, which was held on September 4, 1962. The board decided that petitioner would not be reemployed, and on December 28, 1962, he filed a petition for a writ of mandate to compel the board to reinstate him as a probationary teacher. An alternative writ of mandate was issued, and the school board filed a general demurrer, which was sustained by the court without leave to amend. Petitioner has appealed from the judgment denying the writ.

Petitioner's sole contention is that he was entitled to a hearing before May 15, 1962, and that he was automatically reemployed as a probationary teacher for the ensuing school year by reason of the failure of the board to hold a hearing before that date. The board, on the other hand, contends that at the time petitioner was employed for the school year beginning July 1, 1961, a probationary teacher could be dismissed at the end of the school year without a hearing and that the 1961 amendment to section 13444 of the Education Code, which became effective after the commencement of the 1961-62 school year, does not apply to petitioner's dismissal. The board also contends that, even if petitioner were entitled to a hearing pursuant to the statute as amended in 1961, the law did not require that the hearing be held prior to May 15, 1962.

We shall first consider the board's contention that the 1961 amendment to section 13444 is not applicable to petitioner's dismissal. The board reasons that the statute, as amended, granted probationary teachers a ''limited sort of tenure'' which did not exist when petitioner and the board entered into their contract of employment and that to make the statute applicable to the dismissal of petitioner would be a retroactive application which is presumed not to be intended by the Legislature.

A statute does not operate retroactively merely because some of the facts or conditions upon which its application depends came into existence prior to its enactment. (*Burks* v. *Poppy Construction Co.,* 57 Cal.2d 463, 474 [20 Cal.Rptr. 609, 370 P.2d 313].) In *Eichelberger* v. *City of Berkeley,* 46 Cal.2d 182, 185-189 [293 P.2d 1], we held that a statute which increased pension benefits of persons retired prior to its effective date did not operate retroactively, pointing out that pension payments are a continuing obligation and that the increase would apply only to payments coming due after the effective date of the statute. In the present case

90

there was a continuing employment, and the benefits are conferred only for periods subsequent to the effective date of the statute.

The board relies on *Botts* v. *Simpson*, 73 Cal.App.2d 648 [167 P.2d 231], and *Owens* v. *Board of Education*, 68 Cal. App. 403 [229 P.881], which involved the applicability of newly adopted statutes providing that teachers would obtain tenure if they had satisfactorily been employed for a certain number of years and thereafter were reappointed. It was held that the years of employment prior to the effective date of the tenure statute would count towards fulfillment of the service requirement but that tenure would only be obtained by rehiring after the effective date of the statute and that the teachers who relied on rehiring prior to that date had not obtained tenure. (See also *Branson* v. *Board of Trustees*, 205 Cal.App.2d 680, 684-687 [23 Cal.Rptr. 288].) The cases are distinguishable. Under the statutes there involved, the obtaining of tenure was dependent upon affirmative conduct by the board, namely, the rehiring of a teacher, and in those cases the rehirings had occurred prior to the effective dates of the statutes. In the present case the obtaining of the benefit conferred by the statute is not so conditioned but depends solely on the existence of a status of probationary employee, and petitioner's status as a probationary teacher continued after the effective date of the statute.

It follows from what we have said that section 13444 of the Education Code as amended in 1961 is applicable here. Petitioner therefore was entitled to a hearing, but he is mistaken in his contention that it was necessary that such hearing be held prior to May 15, 1962. (*Horner* v. *Board of Trustees of Excelsior Union High School Dist., ante,* p. 79 [37 Cal.Rptr. 185, 389 P.2d 713].)

The judgment is affirmed.

Traynor, J., Schauer, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.