[L. A. No. 27260. In Bank. March 5, 1964.]

ADELINE J. HORNER, Plaintiff and Appellant, v. BOARD OF TRUSTEES OF EXCELSIOR UNION HIGH SCHOOL DISTRICT OF LOS ANGELES et al., Defendants and Respondents.

Tanner, Odell & Taft and Donald W. Odell for Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, and James W. Briggs, Deputy County Counsel, for Defendants and Respondents.

Stanley Mosk, Attorney General, Elizabeth Palmer, Deputy Attorney General, and Irving G. Breyer as Amici Curiae.

GIBSON, C. J.—Adeline J. Horner, who was serving her third year as a probationary high school teacher for the Excelsior Union High School District of Los Angeles County, was notified on April 13, 1962, that her services would not be needed for the following school year. Within five days after receipt of the notification she filed a notice of defense and requested a hearing and a statement of the reasons for the refusal to rehire her. On May 4, 1962, she was given a written statement of the reasons for the termination of her services and notified that her request for a hearing was denied. After her repeated requests to the board to hold a hearing or give her a teaching assignment had been refused, she filed a petition in the superior court for a writ of mandate directing the board to reinstate her with the classification of a permanent employee. The court concluded that she is entitled to a

hearing but that she is not entitled to reinstatement unless the board finds at the hearing that no cause exists for her dismissal. Judgment was entered which directed the board to hold a hearing, and petitioner moved to vacate the judgment and to enter instead a judgment ordering the board to reinstate her with the classification of a permanent employee. The motion was denied, and petitioner has appealed from the judgment and the order denying her motion.

With certain exceptions not relevant here, a probationary teacher obtains tenure as a permanent teacher if he has been employed by a school district for three consecutive school years and is "re-elected" for the next school year. (Ed. Code, § 13304.) Petitioner contends that there could be no effective termination of her employment until a hearing was held, that because there had been no hearing prior to July 1, which under section 5101 of the Education Code is the beginning of the new school year, her employment continued into the new school year, and that she thus obtained tenure. The board makes two contentions, first, that petitioner was not entitled to a hearing, and second, that, assuming she was so entitled, the notification prior to May 15 that her services would not be required in the ensuing year terminated her employment subject to the condition subsequent that her dismissal would become ineffective if after a hearing held at her request the board should find that the termination was without good cause.

The following sections of the Education Code govern the termination of the employment of probationary teachers:

"§ 13442. Governing boards of school districts shall dismiss probationary employees during the school year for cause only, as in the case of permanent employees.

"§ 13443. (a) On or before the 15th day of May in any year the governing board may give notice in writing to a probationary employee that his services will not be required for the ensuing year.

"The notice shall be deemed sufficient and complete when delivered in person to the employee by the clerk or secretary of the governing board of the school district or deposited in the United States registered mail with postage prepaid, addressed to the employee at his last known place of address.

"(b) Upon the request of such employee, the governing board shall give such employee a written statement of the reasons for the dismissal. The determination of the board as to the sufficiency of the reasons for dismissal shall be conclu-

sive but the cause shall relate solely to the welfare of the schools and the pupils thereof. No right of judicial review shall exist for such employee on the question of the sufficiency of the reasons for dismissal.

"§ 13444. The governing board of any school district shall dismiss probationary employees for cause only. The determination of the board as to the sufficiency of the cause for dismissal shall be conclusive, but the cause shall relate solely to the welfare of the schools and the pupils thereof. The determination of the board as to the sufficiency of the cause for dismissal shall not be subject to judicial review. The causes for dismissal shall not be restricted to those specified in section 13403.

"No employee shall be denied the right to a hearing to determine the cause for his dismissal and in case a hearing is requested by the employee the proceeding shall be conducted in accordance with chapter 5 of part 1 of division 3 of title 2 of the Government Code and the governing board shall have all the power granted to an agency in said chapter 5, except that the respondent shall file his notice of defense, if any, within five days after service upon him of accusation and he shall be notified of such five-day period for filing in the accusation, and excepting further, that in districts with an average daily attendance of less than 85,000 the governing board of the district itself may conduct the hearing without its being presided over by a hearing officer as otherwise required by chapter 5. No employee in districts with an average daily attendance of less than 85,000 shall be denied the right to receive written notice stating the causes for dismissal and such written notice shall not deprive any employee so dismissed of the further right to a hearing as described in this section. All expenses of the hearing, including the cost of the hearing officer, shall be paid by the governing board from the district funds.

"The board may adopt from time to time such rules and procedures not inconsistent with provisions of this section, as may be necessary to effectuate this section."[1]

---

[1]Sections 13443 and 13444 of the Education Code were amended in 1961 to read as stated above. In their briefs the parties correctly assume that the sections as amended are applicable here, although they became effective during the course of the school year 1961-1962, at the end of which petitioner's employment was terminated. In *Sitzman* v. *Board of Education of the City of Eureka, post,* p. 88 [37 Cal.Rptr. 191, 389 P.2d 719], we reject the contention that making these statutes applicable under such circumstances would be a retroactive application which is presumed not to be intended by the Legislature.

It should be noted preliminarily that a *permanent* employee can be dismissed only on the limited grounds stated in section 13403 of the Education Code and that he is, on demand, entitled to a hearing in the superior court to determine whether the grounds for his dismissal are true and sufficient. (Ed. Code, § 13412 et seq.) Under the provision now contained in section 13442 that a *probationary* employee can be dismissed "during the school year for cause only, as in the case of permanent employees," it has been held that a probationary employee can be dismissed *during* the school year only on the limited grounds provided for the dismissal of permanent employees and that he is entitled to a court proceeding like the one available to a permanent employee. (*Comstock* v. *Board of Trustees* (1937) 20 Cal.App.2d 731 [67 P.2d 694] ; see *Titus* v. *Lawndale School Dist.* (1958) 157 Cal.App.2d 822, 827 [322 P.2d 56].)

It is clear that section 13442 relates solely to the dismissal of probationary teachers during the school year and that section 13443 concerns termination of the services of probationary teachers at the end of the school year. The question in dispute is whether the provision for an administrative hearing contained in section 13444 is intended to modify section 13442 with respect to dismissal during the school year or to supplement section 13443 as to termination at the end of the school year. ▮ We have concluded that section 13444 was intended to apply to dismissal at the end of the school year and to supplement section 13443 by adding to the teacher's right to a statement of the reasons for his dismissal provided for in that section the right to a formal hearing.[2] (In accord, see 39 Ops. Cal.Atty. Gen. 186 (1962).)

As we have seen, under section 13442 a probationary teacher can be dismissed *during the school year* only on the limited grounds stated in section 13403 of the Education Code, and, in case of such dismissal, he is entitled to court proceedings as provided for in section 13412. The provisions of section 13444 that the causes for dismissal are not restricted to those specified in section 13403 and the provisions re-

---

[2] A contrary conclusion was reached by the San Mateo County Superior Court, which held that termination of services at the end of the school year is governed solely by section 13443 and that the requirement for a hearing in section 13444 applies only to dismissal during the school year. (*Hamma* v. *Burlingame Dist., No. 99333 (1962)*.) To the same effect is an opinion by the County Counsel of Los Angeles County dated January 29, 1962.

quiring a hearing by the board instead of court action are inconsistent with section 13442. This inconsistency and the fact that section 13444 gives the teacher less protection than section 13442 show that section 13444 does not relate to a dismissal during the school year but that the Legislature intended it to apply to a termination of employment at the end of the school year. When section 13444 is so construed, its provisions and those of section 13443 contain some duplication, but this can be explained by the circumstance that the sections in the present form were adopted in 1961 at different times as the result of two separate bills—Assembly Bill 2063, enacted Stats. 1961, ch. 2063, p. 4290, amending section 13443, and Assembly Bill 337, enacted Stats. 1961, ch. 2114, pp. 4374-4375, amending section 13444.

The legislative history supports our construction of section 13444. Even before there was any express provision in the code requiring a hearing in the event a probationary teacher was notified that his contract would not be renewed for the coming school year, we recognized in *Keenan* v. *San Francisco Unified School Dist.* (1950) 34 Cal.2d 708 [214 P.2d 382], that such a teacher might be entitled to a hearing. The Education Code then provided that school boards might on or before May 15 of a school year give notice to a probationary employee that his services would not be required for the next year (§ 13582). However, at that time probationary teachers in school districts having an average daily attendance of 60,000 or more pupils could be so dismissed "for cause only" (§ 13583).[3] *Keenan* involved the dismissal at the end of a school year of a probationary teacher in a larger district, and thus he could be dismissed for cause only. Although we acknowledged that the right of a probationary employee to a hearing was entirely statutory and could be denied by the Legislature, we held that where a statute specifies that an employee shall be dismissed for cause only, the clear implication of such language is that a full hearing should be afforded and that " 'unless the statute expressly negatives the necessity of a hearing, common fairness and justice compel the inclusion of such a requirement by implication.' " (34 Cal.2d at p. 714.) To the same effect is *Tucker* v. *San Francisco Unified School Dist.* (1952) 111 Cal.App.2d 875 [245 P.2d 597]. Fol-

---

[3]Such districts will sometimes be referred to in this opinion as "larger" districts. The figure of 60,000 was changed to 85,000 in 1955 (Stats. 1955, ch. 1077, p. 2052), and the term "larger" districts will also be used to refer to those having 85,000 pupils or more after 1955.

lowing *Keenan* and *Tucker* the Legislature in 1953 amended section 13583 to make *specific* provision for a hearing pursuant to the administrative adjudication provisions of the Administrative Procedure Act (Gov. Code, §§ 11500-11529) where a hearing is requested by a probationary employee of a *larger* school district dismissed under the section (Stats. 1953, ch. 1040, pp. 2508-2509). By amendment in 1959 former sections 13582 and 13583 obtained their present numbers 13443 and 13444. (Stats. 1959, ch. 2, pp. 948-949.)

Thus prior to the 1961 amendments section 13443 permitted the termination of the services of a probationary teacher at the end of a school year by notification on or before May 15 without requiring that a dismissal be for cause or that a hearing be held.[4] Section 13444 then provided that, anything in section 13443 to the contrary notwithstanding, probationary teachers in school districts with 85,000 or more pupils could be dismissed for cause only and would be entitled to a hearing.[5] There can be no doubt that section 13444, like section 13443 to which it constituted an exception, then applied to termination of services at the end of a school year. The obvious purpose of the 1961 amendments of section 13443 and 13444 was to extend to the probationary teachers of all school districts the requirement of cause for dismissal and the right to a hearing, and thus both sections still relate to termination of services at the end of a school year, whereas dismissal during a school year is governed by section 13442 alone. In 1963 the Legislature removed all doubt in this respect by adding to the Education Code section 13444.5, which reads,

[4]Prior to its amendment in 1961, section 13443 of the Education Code read: ''On or before the fifteenth day of May in any year the governing board may give notice in writing to a probationary employee that his services will not be required for the ensuing year.

''The notice shall be deemed sufficient and complete when delivered in person to the employee by the clerk or secretary of the governing board of the school district or deposited in the United States registered mail with postage prepaid, addressed to the employee at his last known place of address.'' (Stats. 1959, ch. 2, p. 948.)

[5]Prior to its amendment in 1961, section 13444 of the Education Code read in part: ''Anything in section 13443 to the contrary notwithstanding, governing boards of school districts having an average daily attendance of 85,000 or more pupils shall dismiss probationary employees for cause only. The determination of the board as to the sufficiency of the cause for dismissal shall be conclusive, but the cause shall relate solely to the welfare of the schools and the pupils thereof.

''In case a hearing is requested by the employee the proceeding shall be conducted in accordance with chapter 5 of part 1 of division 3 of title 2 of the Government Code. . . .'' (Stats. 1959, ch. 2, pp. 948-949.)

"The provisions of sections 13443 and 13444 shall not be construed as in any way modifying or affecting the provisions of section 13442." (Stats. 1963, ch. 59, p. 687.)

There remains the question whether, notwithstanding the timely notice given petitioner that her employment would not be continued, the failure to grant her a hearing before the beginning of the ensuing school year caused her to be automatically rehired as a permanent employee.

 Neither the Education Code nor the chapter of the Administrative Procedure Act relating to administrative adjudication (Gov. Code, §§ 11500-11529) contains a provision determining at what time a hearing like the one here involved must be held or concluded. The only date mentioned in sections 13442-13444 of the Education Code is the provision of section 13443 that notice of a decision not to reemploy must be given on or before May 15, and that date cannot be the time limit within which the hearing must be held because the codes provide for many time-consuming steps between the giving of the notice and the hearing. Thus, the teacher may ask for a written statement of the reasons for the dismissal (Ed. Code, § 13443), after receiving the statement he may ask for a hearing (Ed. Code, § 13444), an accusation must be filed (Gov. Code, § 11503), within five days thereafter the teacher may file his notice of defense (Ed. Code, § 13444), in the larger districts the board must and in other districts the board may obtain a hearing officer to preside over the hearing (Gov. Code, § 11517; Ed. Code, § 13444), and the teacher must be given notice of the hearing at least 10 days in advance (Gov. Code, § 11509).

Where the statutes do not fix a time limit within which a hearing must be held, the only time restriction is that the hearing must be held within a reasonable time, and the governing board will not lose jurisdiction to hold a hearing unless there has been an unreasonable delay. (*Steen* v. *City of Los Angeles,* 31 Cal.2d 542, 545-547 [190 P.2d 937]; *Pearson* v. *County of Los Angeles,* 49 Cal.2d 523, 539-540 [319 P.2d 624].) We cannot say that there has been an unreasonable delay in the present case. It appears that the delay was partly caused by the board's belief in good faith that petitioner was not entitled to a hearing and partly by the fact that petitioner reiterated her requests for a hearing before instituting court proceedings. At the time petitioner asked for a hearing there existed, as we have seen, a difference of opinion as to whether she was legally entitled to it, and there was then no authoritative decision on the point. In

the circumstances, the trial court properly concluded that the board had not lost jurisdiction to hold a hearing. (*Pearson* v. *County of Los Angeles, supra,* 49 Cal.2d 523, 540.)

The circumstance that no final decision concerning petitioner's dismissal was made before the start of the new school year did not cause petitioner to obtain tenure. As we have seen, under section 13304 of the Education Code a probationary teacher obtains tenure when he has been employed for three consecutive school years and is then *reelected* for the next succeeding year. Although the reelection may take place without affirmative action by the board when the teacher is not properly notified that he will not be rehired for the next year (*Abraham* v. *Sims,* 2 Cal.2d 698, 710-711 [34 P.2d 790, 42 P.2d 1029]), there is no tacit reelection where, as here, the board has timely notified the teacher of the intended termination of the employment. It should also be noted that sections 13443 and 13444 use the term ''dismissal'' in referring to the notice of a probationary teacher of a decision not to reemploy him and that they thus indicate that the notice constitutes a dismissal. Another indication that the notice is considered a dismissal is found in the provision of section 13444 that a written notice stating the causes for dismissal shall not deprive ''any employee so dismissed'' of the further right to a hearing. The dismissal, because of the provision for a hearing in section 13444, is subject to the condition subsequent that it will become ineffective if the board at the hearing decides that the termination of the employment was improper. Here no hearing has as yet been held, the condition subsequent has not occurred, and the dismissal by the notice given petitioner prior to May 15 is still effective. Thus, there is no basis for petitioner's contentions that her employment has continued into the new school year and that she obtained tenure.

The judgment and the order appealed from are affirmed.

Traynor, J., Schauer, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.