[Civ. No. 23935.   First Dist., Div. Three.   May 24, 1968.]

GWENDOLYN LUNDERVILLE, Plaintiff and Appellant, v. EMERY UNIFIED SCHOOL DISTRICT et al., Defendants and Respondents.

Knox, Herron & Pierce, E. Patricia Herron, Albert M. Berdich and Coleman A. Blease for Plaintiff and Appellant.

Richard J. Moore, County Counsel, and James E. Jefferis, Assistant County Counsel, for Defendants and Respondents.

SALSMAN, J.—This is an appeal from a judgment denying appellant's petition for a writ of mandate to compel the respondent school district to reinstate her as a school teacher, and to pay damages. We modify the judgment but affirm denial of the writ.

Appellant was employed by the respondent district as a probationary second grade teacher for the school year 1964-1965. On April 14, 1965, at the request of Mr. Higgins D. Bailey, the district superintendent, she attended a meeting of the district board of trustees. At the meeting she was given a letter-notice by Mr. Bailey. It read: "You are hereby notified that on the 14th day of April, 1965, the Board of Trustees of the Emery Unified School District of Alameda County, State of California, passed and adopted a resolution resolving that your services as a probationary employee will not be required for the ensuing school year, namely the school year 1965-1966. It was further resolved that you be removed from your present status as classroom teacher, effective Monday, April 19, 1965, at 8:00 a.m. You by this resolution are forbidden to meet with your second grade class effective on the date and

time shown above. You are hereby directed to remove your personal effects and conclude any belated school business on April 15th, April 16, or April 17th, 1965. A District Administrator will contact you and set up a time on one of these dates when it will be convenient for you to do so. The Board of Trustees further resolved that the financial agreement entered into between you and the School District will be in force until the end of the current school year. You are, therefore, hereby notified that your services as a probationary employee of the Emery Unified School District of Alameda County will not be required for the ensuing school year, namely the school year 1965-1966.''

The testimony is in conflict as to whether appellant demanded a hearing or was informed of her right to one at the time she was given the letter quoted above. She testified that she demanded a hearing. Mr. Bailey said she made no such request, although he told her she had a right to have a hearing. Appellant also said that at the time she was served with the letter-notice she was not given a copy of any accusation made against her. Mr. Bailey claimed that at the time the letter-notice was delivered he had a copy of an accusation and discussed it in detail with her.

The accusation was admitted in evidence. It was titled: ''Accusation — General'', and it charged appellant with unprofessional conduct, incompetency, and general unfitness for service, supplementing these broad charges with brief general statements as to the type of conduct complained of. The ''Accusation—General'' recited that the board ''hereby presents and files charges'' against appellant and requested '': . . that she be dismissed at the close of business on June 11, 1965, the last day of the semester of the current school year. . . .''

In June appellant visited the Placement Center at the University of California. There she discovered that a document, also described as an accusation, had been placed in her file. This was a more specific accusation, prepared for the exclusive use of the board only and inadvertently forwarded to the Placement Center. It referred specifically to particular conduct objected to by the district, and appellant evidently viewed it as highly prejudicial. The Placement Center refused appellant's demand for a copy of the detailed accusation, so she then went to see Mr. Bailey at the district's offices to demand one.

At Mr. Bailey's office appellant orally demanded a hearing.

Mr. Bailey testified that he told her to come back to the office at 4 p.m., at which time he would have a written demand for a hearing ready for her signature; that he prepared such a demand and waited at the office until long after the appointed hour, but that she did not return. Mr. Bailey's secretary, and another district employee present in the office on the occasion of appellant's visit, confirmed the superintendent's testimony. Appellant never expressly contradicted Mr. Bailey's version of these events, and it is undisputed that she never returned to sign the written demand.

The trial court found that appellant did not request a hearing at the time she was given the letter-notice of April 15th. It concluded that the letter constituted a determination by the Board of Trustees not to rehire her "for the ensuing school year, pursuant to Section 13443, Education Code . . ." and that she had waived her right to a hearing. The court also concluded that the letter-notice of April 15 ". . . was not a dismissal of petitioner during the school year pursuant to Section 13442, Education Code. . . ." Upon these findings and conclusions, the court entered judgment denying the peremptory writ and dismissing the petition.

### Was Appellant Dismissed During the School Year?

As we have seen, the trial court concluded that appellant was not dismissed during the school year. But the evidence on this issue was uncontradicted. The letter notified appellant that she was "removed" from her status as a classroom teacher effective April 19th. It forbade her to meet with her second grade class, and directed her to remove her personal effects ". . . and conclude any belated school business on April 15th, April 16, or April 17th, 1965." She was further notified that a district employee would contact her to aid her prompt departure. After April 19th she was not permitted to do any teaching, or render any service pursuant to her contract, although the district paid her salary for the remainder of the school year.

We think this evidence admits of only one conclusion, namely, that appellant was dismissed by the respondent district on April 14th, when she was given a copy of the letter-notice and prohibited from further contact with her class and from rendering all professional service pursuant to her contract.

The mere fact that the respondent district recognized its

obligation to pay appellant her salary for the remainder of the school year and actually paid it is not determinative. The district's refusal to permit her to teach, or to meet with the pupils she had been employed to teach, or to render any service, or otherwise to perform her contract and earn her salary operated as an effective dismissal during the school year.

The Education Code recognizes two kinds of dismissal of probationary teachers. The district board may ". . . dismiss probationary employees during the school year for cause only . . ." under section 13442 of the Education Code.[1] Or it may simply decide not to rehire the probationary teacher for the following school year under section 13443. Lesser safeguards are provided for the probationary teacher who is merely not rehired, presumably because such a decision casts a less grave or no reflection upon the teacher's abilities. Since appellant was ordered to cease teaching immediately but paid until the end of the school year, her case falls somewhere between the two categories established by the code.

Section 13442 provides as follows: "Governing boards of school districts shall dismiss probationary employees during the school year for cause only, as in the case of permanent employees." The "cause" mentioned in section 13442 means one of the specific statutory causes described in section 13403 relating to the dismissal of permanent employees of a school district. (*Horner* v. *Board of Trustees,* 61 Cal.2d 79, 83 [37 Cal.Rptr. 185, 389 P.2d 713]; *Titus* v. *Lawndale School Dist.,* 157 Cal.App.2d 822, 827 [322 P.2d 56]; *Comstock* v. *Board of Trustees,* 20 Cal.App.2d 731 [67 P.2d 694].) Moreover, "cause" in such cases is to be established at a hearing in the superior court instituted by the district's filing of charges, and a hearing as in the case of a permanent employee. (Ed. Code, § 13412; *Tucker* v. *San Francisco Unified School Dist.,* 111 Cal.App.2d 875, 878, 880 [245 P.2d 597]; see also Coan, *Dismissal of California Probationary Teachers,* 15 Hastings L. J. 284, 291; 39 Ops. Cal. Atty. Gen., 186, 190.)

Although appellant was paid through June of 1965, she was forbidden to meet with her class or perform any other professional services for the rest of the school year. A district's willingness to suffer the administrative dislocation involved in summarily removing a teacher from his duties must indicate to prospective employers that the teacher's

---

[1]All section references hereafter are to the Education Code as it stood in mid-1965, unless otherwise noted.

abilities are regarded as far more deficient than those of a teacher who is simply not rehired. Accordingly, we conclude that despite the fact that appellant was paid for the duration of the school year, her immediate dismissal from all duties constituted a dismissal during the school year within the meaning of section 13442, and that appellant was therefore entitled to the safeguards provided for teachers dismissed in this manner. Since respondents concede that appellant was denied the safeguards accorded probationary teachers dismissed during the school year, appellant is entitled to a judicial declaration that she was wrongfully dismissed.

## Was Appellant Properly Dismissed by the District's Refusal to Rehire Her For the Ensuing Year?

The dismissal of a probationary school teacher by failure to rehire is here governed by sections 13443 and 13444, as those sections read at the time this case arose. (Sitzman v. City Board of Education, 61 Cal.2d 88 [37 Cal.Rptr. 191, 389 P.2d 719]; Horner v. Board of Trustees, supra, 61 Cal.2d 79, 82, fn. 1.) Both sections were repealed in 1965 (see Stats. 1965, ch. 1110, § 1, p. 2755 and § 3, p. 2756) and reenacted with substantial changes. The statutory language applicable here reads as follows: "Section 13443. (a) On or before the 15th day of May in any year the governing board may give notice in writing to a probationary employee that his services will not be required for the ensuing year. The notice shall be deemed sufficient and complete when delivered in person to the employee by the clerk or secretary of the governing board of the school district or deposited in the United States registered mail with postage prepaid, addressed to the employee at his last known place of address. (b) Upon the request of such employee, the governing board shall give such employee a written statement of the reasons for the dismissal. The determination of the board as to the sufficiency of the reasons for dismissal shall be conclusive but the cause shall relate solely to the welfare of the schools and the pupils thereof. No right of judicial review shall exist for such employee on the question of the sufficiency of the reasons for dismissal." (Stats. 1961, ch. 2063, § 1, p. 4290.)

"Section 13444. The governing board of any school district shall dismiss probationary employees for cause only. The determination of the board as to the sufficiency of the cause for dismissal shall be conclusive, but the cause shall relate solely to the welfare of the schools and the pupils thereof. The

determination of the board as to the sufficiency of the cause for dismissal shall not be subject to judicial review. The causes for dismissal shall not be restricted to those specified in section 13403. No employee shall be denied the right to a hearing to determine the cause for his dismissal and in case a hearing is requested by the employee the proceeding shall be conducted in accordance with Chapter 5 of Part 1 of Division 3 of Title 2 of the Government Code. . . ." (Stats. 1961, ch. 2114, pp. 4374-4375, § 1.)

Respondent district's letter-notice of April 15, 1965 properly notified appellant that the district had resolved not to rehire her for the ensuing year, and fully complied with the requirements of section 13443. The superintendent testified that he discussed in detail the contents of the accusation with appellant at the time he handed her the letter-notice. He further said she did not demand a hearing, although she testified that she asked for one. On this conflicting evidence the trial court found that at the time appellant was given the letter-notice she did not demand a hearing, evidently accepting the superintendent's testimony and disbelieving appellant's. Long established rules of review forbid us to disturb such a finding.

The trial court's conclusion that appellant waived her right to a hearing by failure to appear at the agreed time in June, after her visit to the Placement Center at the University of California, is also supported by substantial evidence. It is undisputed that, after learning of an accusation in her file at the Placement Center she visited the offices of the respondent district and again discussed her dismissal with Mr. Bailey. It is undisputed also that she orally demanded a hearing on this occasion. Mr. Bailey testified that appellant was told that a written demand for a hearing would be prepared for her signature, and that she should return to his office at 4 p.m. to sign it. He also said that after appellant left, he prepared a demand for hearing for her signature, and waited long after 4 o'clock but that she did not return to execute the demand. The superintendent's testimony on this point was supported by that of his secretary and another district employee, both present in the office at the time. These facts support the inference drawn by the trial court that, after leaving the district offices, appellant changed her mind about the matter and decided not to insist upon her right to a hearing.

466

■ Section 13444 provides that probationary employees shall be dismissed for "cause" only, but the various grounds constituting "cause" are not specified. Unlike the specific grounds provided in section 13403, cause for dismissal of a probationary employee by failure to rehire for the ensuing year need relate only to the welfare of the school and its pupils. Moreover, the statute makes decision of the board conclusive as to the sufficiency of the reasons for dismissal. No right of judicial review is accorded to the employee, except that as in all cases of review of administrative proceedings by mandamus, a court may determine whether the board's jurisdiction was exceeded, whether the hearing was fair, and whether the board's findings were supported by substantial evidence. (Code Civ. Proc., § 1094.5; *Griggs* v. *Board of Trustees,* 61 Cal.2d 93, 96 [37 Cal.Rptr. 194, 389 P.2d 722].) Although these statutory provisions guarantee substantial rights to the dismissed probationary teacher, each teacher must decide whether to exercise or waive such rights. A formal hearing on wide ranging charges, with the board as final judge, may not in every case benefit the teacher. It may in fact be a detriment, and seriously affect the teacher's opportunity to future employment. (See Coan, *Dismissal of Probationary Teachers, supra,* p. 309.) ■ Here, after leaving the district offices, appellant may well have concluded that a formal hearing would not be to her ultimate professional advantage and hence that it would be best not to return to sign the demand for a hearing which the superintendent had prepared for her signature. At least the trial court was entitled to view the evidence in this light and to conclude as it did that by her failure to return at the appointed hour and sign the written demand she had waived her right to a hearing. Thus, insofar as the judgment rests upon a determination that the respondent district acted properly in refusing to rehire appellant for the ensuing year, the judgment must be affirmed.

Appellant demanded damages in her petition for the writ of mandate, but at trial no evidence of damages was offered. It is undisputed that she was paid her salary in full for the remainder of the school year and for the full term of her contract. Thus her demands are limited to the contention that she is entitled to be reinstated as a teacher in the Emery Unified School District. Although the record supports her contention that she was wrongfully discharged during the school year, it does not support her further contention that

she was improperly dismissed by respondent district's failure to rehire her for the ensuing year, since there was substantial evidence that she waived a hearing. She has received her salary in full. Reversal of the judgment will accomplish nothing. However, appellant is entitled to a judgment which reflects our conclusion that she was wrongfully discharged from her teaching position during the school year. We therefore modify the trial court's judgment to accomplish this result.

Paragraph three of the trial court's conclusions of law, wherein it is concluded that the letter-notice of April 15, 1965 was not a dismissal of appellant during the school year, is stricken. The judgment is modified to read as follows:

"It is therefore adjudged and decreed that petitioner was wrongfully discharged during the school year by the respondent district, but has proven no damage. The petition for the writ of mandate is denied, the order to show cause dissolved, and the petition dismissed."

As so modified, the judgment is affirmed.

Each party shall bear his own costs.

Draper, P. J., and Brown (H. C.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 17, 1968.