[Civ. No. 39921. Second Dist., Div. Four. Dec. 29, 1972.]

ESTHER B. SHAUGHNESSY et al., Plaintiffs and Respondents, v. WILSONA SCHOOL DISTRICT OF LOS ANGELES COUNTY, Defendant and Appellant.

## Counsel

John D. Maharg, County Counsel, and John J. Wagner, Deputy County Counsel, for Defendant and Appellant.

Warren, Adell & Miller, Hirsch Adell and Edward G. Scholtz for Plaintiffs and Respondents.

## Opinion

**DUNN, J.**—The Wilsona School District of Los Angeles County appeals from a judgment ordering the issuance of a writ of mandate commanding the district to reemploy two probationary teachers for the school year 1971-1972.

On July 15, 1971, Esther Shaughnessy and Dorothy Holton filed a verified petition for writ of mandate against the district. (Code Civ. Proc., §§ 1085, 1086.) Petitioners alleged: during the school year 1970-1971 each of the petitioners was employed by defendant as a probationary teacher in a position requiring certification qualifications; by a notice dated March 11,

1971, petitioner Holton was informed that the principal of defendant school district had recommended to its board of trustees that petitioner not be reemployed for the school year 1971-1972;[1] by a notice dated March 12, 1971 petitioner Shaughnessy was informed of a similar recommendation that she not be reemployed for the school year 1971-1972;[2] defendant did not inform petitioners of their right to hearings as required by Education Code section 13443, subdivision (b); acting pursuant to the recommendations, and without granting hearings to petitioners, defendant dismissed petitioners from their positions and refused to reemploy them for the ensuing school year.

Petitioners sought alternative and peremptory writs of mandate commanding defendant to set aside its decisions, and to reemploy petitioners for the school year 1971-1972.[3] An alternative writ was issued. (Code Civ. Proc., § 1087.) Thereafter, defendant filed an answer to the petition and on September 15, 1971, a hearing was had.

---

[1]The notice read:

"NOTICE TO GOVERNING BOARD OF A
RECOMMENDATION NOT TO REEMPLOY
CERTIFICATED EMPLOYEE

"March 11, 1971

"To: Board of Trustees
Wilsona School District
41625 N. 170th St. East
Lancaster, California 93534

"The undersigned, William B. Shaw of the Wilsona School District, hereby recommends to the Board that Mrs. Dorothy Holton, a certificated employee of the District, not be reemployed for the ensuing school year 1971-1972, and that this Board give notice as required by Education Code Section 13447 to Mrs. Dorothy Holton that her services will not be required for the ensuing school year.

"The reasons for this recommendation are:
"1. Mrs. Holton has very poor classroom control.
"2. She has been very weak in her classroom organization.
"3. Classroom supervision has been inadequate.

"Respectfully submitted,
/s/ William B. Shaw
"Principal"

The reference to Education Code section 13447 is puzzling, since that statute relates to dismissal of permanent or probationary employees because of a reduction in the average daily attendance of a school district, or a reduction or discontinuance of a particular kind of service in the district.

[2]The notice regarding petitioner Shaughnessy was the same as the notice regarding Holton (see fn. 1), except that the reason for the recommendation as to Shaughnessy was that her "physical condition is such that she cannot adequately handle her classroom assignment."

[3]Petitioners also sought injunctive and declaratory relief. However, in view of the judgment entered it is unnecessary to consider these aspects of the petition.

Findings of fact and conclusions of law were signed and filed. The court found: defendant school district was governed by a board of trustees charged with administering Education Code sections 13443 and 13447; defendant employed a certificated staff consisting of seven teachers and one principal, William Shaw; it did not employ a superintendent; the state Education Code establishes two classes of probationary employees, they being (a) a probationary status leading to the mandatory attainment of tenure, and (b) a probationary status wherein attainment of tenure is discretionary with the governing board of the district; defendant had an average daily attendance (ADA) of less than 250 pupils, and the granting of permanent status to its probationary employees was within the discretion of its board of trustees; petitioners were employed by defendant as probationary teachers in positions requiring certification qualifications; by documents dated March 11 and March 12, 1971, petitioners were informed that Shaw had recommended to defendant that petitioners not be reemployed for the school year 1971-1972; defendant failed to inform petitioners of their right to hearings, or to grant them hearings, as required by Education Code section 13443; defendant dismissed petitioners from their employments at the end of the 1970-1971 school year and refused to reemploy them for the ensuing school year; petitioners have no plain, speedy or adequate remedy in the ordinary course of law to compel defendant to reemploy them; petitioners were damaged in the amounts of their salaries as would have been paid in the 1971-1972 school year from the beginning of said school year until their reinstatement.

Based upon these findings, the court concluded: the provisions of Education Code section 13443 were applicable to defendant school district; petitioners could be dismissed from their employments only by the procedure set forth in section 13443; defendant failed to follow this procedure; therefore, petitioners were entitled to be continued in their employments.

On October 15, 1971, judgment was entered ordering the issuance of a writ of mandate commanding defendant to reemploy petitioners for the 1971-1972 school year. It was further ordered that defendant pay to petitioners their salaries for such school year from the commencement thereof to the date of reemployment.

Defendant appeals, contending that section 13443 does not apply to school districts having an average daily attendance of less than 250 pupils and, therefore, defendant was free to terminate petitioners' employments without granting them hearings.

Termination of the services of a probationary teacher at the end of a

school year is governed by Education Code section 13443. (*Horner* v. *Board of Trustees* (1964) 61 Cal.2d 79, 83 [37 Cal.Rptr. 185, 389 P.2d 713].) That statute provides in part: "(a) No later than March 15 and before an employee is given notice by the governing board that his services will not be required for the ensuing year, the governing board and the employee shall be given written notice by the superintendent of the district or his designee, or in the case of a district which has no superintendent by the clerk or secretary of the governing board, that it has been recommended that such notice be given to the employee, and stating the reasons therefor. . . . (b) The employee may request a hearing to determine if there is cause for not reemploying him for the ensuing year. A request for a hearing must be in writing and must be delivered to the person who sent the notice pursuant to subdivision (a), on or before a date specified therein which shall not be less than seven days after the date on which the notice is served upon the employee. If an employee fails to request a hearing on or before the date specified, his failure to do so shall constitute his waiver of his right to a hearing. The notice provided for in subdivision (a) shall advise the employee of the provisions of this subdivision. (c) In the event a hearing is requested by the employee, the proceeding shall be conducted and a decision made in accordance with Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code . . . . (d) The governing board's determination not to reemploy a probationary employee for the ensuing school year shall be for cause only. The determination of the governing board as to the sufficiency of the cause pursuant to this section shall be conclusive, but the cause shall relate solely to the welfare of the schools and the pupils thereof and provided that cause shall include termination of services for the reasons specified in Section 13447. The decision made after the hearing shall be effective on May 15 of the year the proceeding is commenced. (e) Notice to the probationary employee by the governing board that his services will not be required for the ensuing year, shall be given no later than May 15. . . . (h) In the event that the governing board does not give notice provided for in subdivision (e) of this section on or before May 15, the employee shall be deemed reemployed for the ensuing school year. . . ."

There is no language in section 13443 which precludes its application to dismissals of probationary teachers employed in school districts having an average daily attendance of less than 250 pupils. Thus, "section 13443 extends to probationary employees of all districts, regardless of size, the right to an administrative hearing following receipt of notice that their services will not be required for the ensuing year." (39 Ops.Cal.Atty.Gen. 186, 191 (1962).) This principle was reaffirmed in *Horner* v. *Board of*

*Trustees, supra,* 61 Cal.2d 79, where the court stated (p. 85): "The obvious purpose of the 1961 amendments of sections 13443 and 13444 was to extend to the probationary teachers of *all school districts* the requirement of cause for dismissal and the right to a hearing . . . ." (Italics added.)

*Horner* was decided in 1964. At that time section 13443 provided: "(a) On or before the 15th day of May in any year the governing board may give notice in writing to a probationary employee that his services will not be required for the ensuing year. . . . (b) Upon the request of such employee, the governing board shall give such employee a written statement of the reasons for the dismissal. The determination of the board as to the sufficiency of the reasons for dismissal shall be conclusive but the cause shall relate solely to the welfare of the schools and the pupils thereof." Section 13444 provided in part: "The governing board of any school district shall dismiss probationary employees for cause only. The determination of the board as to the sufficiency of the cause for dismissal shall be conclusive, but the cause shall relate solely to the welfare of the schools and the pupils thereof. . . . No employee shall be denied the right to a hearing to determine the cause for dismissal and in case a hearing is requested by the employee the proceeding shall be conducted in accordance with chapter 5 of part 1 of division 3 of title 2 of the Government Code . . . ."

In 1965 section 13444 was repealed (Stats. 1965, ch. 1110, § 3, p. 2756) and section 13443 was reenacted to include the provisions relating to dismissal for cause and the right to a hearing formerly contained in section 13444. (Stats. 1965, ch. 1110, § 2, p. 2755.) It is presumed that in reenacting section 13443 the Legislature was aware of the court's construction of former sections 13443 and 13444 in *Horner,* and that the Legislature adopted such construction as part of the reenacted statute. (*Stafford* v. *Realty Bond Service Corp.* (1952) 39 Cal.2d 797, 805 [249 P.2d 241]; *Holmes* v. *McColgan* (1941) 17 Cal.2d 426, 430 [110 P.2d 428]; *Baum* v. *Aleman* (1956) 139 Cal.App.2d Supp. 929, 932 [293 P.2d 162]; 45 Cal.Jur.2d, Statutes, §§ 101, 124, pp. 615-616, 633.) Although section 13443 has been amended since 1965, no provision has been added denying the right of probationary employees of smaller school districts to a hearing.

Appellant contends that such a provision must be inferred because probationary employees of a school district with an average daily attendance of less than 250 pupils occupy a position which "does not lead to permanent or tenured status." In support of this contention appellant relies upon an opinion of the California Attorney General (48 Ops.Cal.Atty.Gen. 62

(1966)) which concluded that teachers employed by school districts under the Manpower Development and Training Act of 1962, although classified as probationary employees, were foreclosed from attaining permanent status. Therefore, such employees were not automatically reelected for the ensuing school year upon failure to receive notice and a hearing as provided in section 13443. The opinion stated (p. 63): "But teachers under M.D.T.A. are not probationary employees in the usual meaning of the term inasmuch as their service does not count towards permanent status. The term 'probationary employee' ordinarily connotes those employees who are applicants for a permanent position; who are on a trial basis; who are being tested for suitability as permanent employees." Under this reasoning, it is plain that respondents were probationary employees eligible for permanent status, for Education Code section 13307 provides: "Every employee of a school district of any type or class having an average daily attendance of less than 250 pupils, who, after having been employed by the district for three complete consecutive school years in a position or positions requiring certification qualifications, is re-elected for the next succeeding school year to a position requiring certification qualifications, *may be classified by the governing board of the district as a permanent employee of the district.* If the classification is not made the employee shall not attain permanent status and may be re-elected from year to year thereafter without becoming a permanent employee until the classification is made." (Italics added.)

Appellant points out that under section 13307 the granting of permanent status is discretionary, whereas under section 13304[4] the granting of permanent status is mandatory in the case of a probationary employee of a district having an average daily attendance of 250 or more. Appellant argues that such distinction between probationary employees of large districts and small districts in the matter of attaining permanent status indicates an intention on the part of the Legislature to deny probationary employees of smaller districts the right to a hearing under section 13443. In support of this contention appellant cites *Grigsby* v. *King* (1927) 202 Cal. 299 [260 P. 789]. Under consideration in that case was Political Code section 1609, subdivision (e), which then provided that, in school districts employing at least eight teachers, the board of trustees was under a duty to classify as permanent teachers all persons who had been successfully

[4]Education Code section 13304: "Every employee of a school district of any type or class having an average daily attendance of 250 or more who, after having been employed by the district for three complete consecutive school years in a position or positions requiring certification qualifications, is re-elected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district."

employed as teachers by the district for two consecutive years. It was held that the imposition of such duty upon boards of larger districts, only, was constitutional. Therefore defendant, a board of trustees of a larger district, was without power to deny permanent classification to plaintiff, a teacher who had been successfuly employed by defendant for three years as a probationary teacher. *Grigsby* is not in point, as it did not involve the right of a probationary teacher to a hearing. Indeed, unlike section 13443, the statute at that time provided for a hearing only upon dismissal of a permanent teacher. (Pol. Code, § 1609, subd. (j).)

Appellant further contends that under section 13443 the Legislature did not intend to grant a hearing to probationary employees of smaller districts because a hearing would disrupt the functions of such a district. In this connection, appellant asserts that after entry of judgment respondents were notified that the secretary of appellant's board of trustees had recommended to the board that respondents not be reemployed for the 1972-1973 school year; pursuant to this notice, respondents demanded and were granted a hearing; the hearing was held April 25 and 26, 1972, and necessitated closing down the entire school district for those two days. These matters are set forth by way of argument in appellant's opening brief; they do not appear in the record. Apparently realizing this, appellant has attached an "exhibit" to the brief, and asks that we admit such exhibit into evidence pursuant to Code of Civil Procedure section 909 and California Rules of Court, rule 23(b). The exhibit is a certified copy of a notice dated April 24, 1972, which allegedly was sent by appellant to the parents of all pupils in the school district informing them that school would be closed during the hearing.

We need not decide whether evidence offered in this fashion is admissible on appeal for the evidence offered is irrelevant. (Evid. Code, §§ 210, 351.) Thus, even if it were established that the granting of a hearing to respondents would work a hardship on the school district, this would not relieve appellant of the duty to inform respondents of their right to a hearing and to grant a hearing if requested, because section 13443 on its face extends to probationary employees of all school districts, regardless of size, the right to a hearing. We are not concerned with the wisdom, motive or policy behind this legislative enactment. Our function is simply to ascertain what is contained in the statute; we are without power to insert therein what has been omitted by the Legislature, or to rewrite the statute to conform to an assumed intention which does not appear from its language. (Code Civ. Proc., § 1858; *Vallerga* v. *Dept. Alcoholic Bev. Control* (1959) 53 Cal.2d 313, 318 [1 Cal.Rptr. 494, 347 P.2d 909]; *Wisdom* v. *Eagle Star Ins. Co.*

(1963) 211 Cal.App.2d 602, 605 [27 Cal.Rptr. 599]; *People* v. *White* (1954) 122 Cal.App.2d 551, 554 [265 P.2d 115].)

Respondents could be removed from their employment at the end of the school year only in accordance with the procedure set forth in section 13443. (See: *Ward* v. *Fremont Unified School Dist.* (1969) 276 Cal.App. 2d 313, 323 [80 Cal.Rptr. 815].) Since this procedure was not followed, respondents were entitled to continue in their respective positions. (Ed. Code, §§ 13443, 13447.)

Mandamus will issue to compel the admission of a party to the use and enjoyment of a right to which he is entitled, and from which he is unlawfully precluded. (Code Civ. Proc., § 1085; *Sharff* v. *Superior Court* (1955) 44 Cal.2d 508, 510 [282 P.2d 896, 64 A.L.R.2d 494].) Therefore, the judgment properly ordered issuance of a writ of mandate commanding appellant to reemploy respondents for the 1971-1972 school year. (See: *Kennedy* v. *Board of Education* (1890) 82 Cal. 483, 491 [22 P. 1042]; *Titus* v. *Lawndale School Dist.* (1958) 157 Cal.App.2d 822, 831 [322 P.2d 56]; 52 Am.Jur.2d, Mandamus, § 242, pp. 568-569.)

The judgment also ordered appellant to pay respondents their salaries from the commencement of the school year to the date of reemployment. The petition did not allege respondents' right to salaries upon reemployment, nor was such relief specifically requested. However, the establishment of respondents' right to continue in their positions carried with it their right to the salaries fixed for those positions. (*Caminetti* v. *Board of Trustees* (1934) 1 Cal.2d 354, 356 [34 P.2d 1021].) Hence the award of salary, though unnecessary, was not improper.

The judgment is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.