NEVADA LAKESHORE COMPANY, INC., CLARENCE D. REDFIELD, AND H. L. SNYDER, APPELLANTS, v. DIAMOND ELECTRIC, INC., A NEVADA CORPORATION, DIAMOND ELECTRIC COMPANY, A CO-PARTNERSHIP, JACK H. LEMAY, AND JAMES G. SALING, RESPONDENTS.

No. 6979

July 3, 1973                                        511 P.2d 113

---

*Richard P. Wait, Ltd.,* of Reno, for Appellants.

*Leggett & Hamilton,* of Reno, for Respondents.

## OPINION

By the Court, ZENOFF, J.:

Respondents are third-party defendants in an action that arose from the accidental electrocution of Karl Breckenridge while he was swimming in the swimming pool owned and possessed by the Nevada Lakeshore Company, Inc. as part of an apartment complex. Clarence Redfield, a maintenance employee of the corporation, performed electrical repairs at the pool which resulted in some misdirected wires so that the electric current went into the water of the pool instead of to the pool light fixture. As a result Breckenridge was killed. One of the claims of negligence against these respondents who furnished the materials and wiring system for the pool was that the wiring was not properly color coded when installed and as a result the colored wire that should have gone to the light fixture went instead to the pool.

The heirs of Breckenridge commenced a wrongful death

action against the appellants. Appellants (defendants below) then commenced a third-party action against respondents who designed and installed the electrical system and furnished the component parts thereof. This suit sought indemnity on theories of negligence, breach of warranty and strict liability in tort, in substance, that the electrical system and parts were defective in several respects and were improperly installed.

Respondents moved for summary judgment on the ground that the installation of the electrical system was substantially completed more than 10 years prior to the injury and death and that therefore NRS 11.205 precluded judgment against them as a matter of law.

The motion was granted and summary judgment was entered on behalf of third-party defendants (respondents).

Appellants contend, first, that NRS 11.205 is not applicable to a suit for indemnity, and second, that if applicable, the 6-year period should be held to begin running at the time of the occurrence of the injury or damages rather than at the time of substantial completion of the construction.

1.   NRS 11.205 provides as follows:

> "1.   No action in tort, contract or otherwise shall be commenced against any person performing or furnishing the design, planning, supervision or observation of construction, or the construction, of an improvement to real property more than 6 years after the substantial completion of such an improvement, for the recovery of damages for:
>
> (a) Any deficiency in the design, planning, supervision or observation of construction or construction of such an improvement; or
>
> (b) Injury to real or personal property caused by any such deficiency; or
>
> (c) Injury to or wrongful death of a person caused by any such deficiency.
>
> . . . .
>
> 3.   Where an action for damages for wrongful death or injury to person or property caused by any deficiency in an improvement to real property is brought against a person in actual possession or control as owner, tenant or otherwise of such improvement, the limitation prescribed by this section shall not be a defense for such person."

The apparent purpose of NRS 11.205 is to afford ultimate repose and protection from liability for persons engaged in the

designing, planning and construction of improvements to realty. Without protection such persons would be subject to liability for many years after they had lost control over the improvement or its use or maintenance. See Rosenberg v. Town of North Bergen, 293 A.2d 662 (N.J. 1972).[1] Evidently the legislature felt that the period of 6 years was a suitable terminus. The statute says, "No action in tort or contract or otherwise. . . ." We take that inclusive language to include actions for indemnity. To hold otherwise would thwart the purpose of the enactment.

2. The statute is plain and must be viewed as controlling as to the question when the period of limitations begins running. The point at which the 6-year period commences is, according to NRS 11.205, "substantial completion of such an improvement"—regardless of when any injury or damages might occur or be discovered.

We have considered appellants' analogy between actions for indemnity and those for contribution and their argument, citing NRS 17.210 et seq., that as to such actions a statute of limitations may never commence running until the joint tortfeasor is held legally liable. We find this contention to be without merit and are compelled to rely on the plain meaning of NRS 11.205.

In summary, NRS 11.205 does bar actions for indemnity and the period of limitations commences at the time of substantial completion of the construction. Accordingly appellants' cause of action against respondents cannot stand because the injury did not occur until 10 years after the substantial completion of the improvement, i.e., 4 years after the 6-year statute had run.

Affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.

---

[1]The New Jersey statute specifically refers to indemnity actions. Nevertheless, that case is applicable to ours. Even the constitutionality of the statute was upheld there, an issue not presented to this court.