Loretta JASINSKI, Plaintiff,

v.

SHOWBOAT OPERATING COMPANY, d/b/a Showboat Hotel, Defendant and Third Party Plaintiff,

v.

R. C. JOHNSON & ASSOCIATES, and Jonny Industries, Third Party Defendants.

R. C. JOHNSON & ASSOCIATES, Cross-claimant and Cross-defendant,

v.

JONNY INDUSTRIES, Cross-defendant and Cross-claimant.

Civ. No. LV 76–127 RDF.

United States District Court, D. Nevada.

Oct. 23, 1978.

**310**

Kamin, Stanley & Balkin, Chicago, Ill., and George E. Graziadei, Las Vegas, Nev., for plaintiff.

Pat Fitzgibbons, Las Vegas, Nev., for Showboat.

Walter R. Cannon of Cromer, Barker & Michaelson, Las Vegas, Nev., for Jonny Industries.

Johnson & Pilkington, Las Vegas, Nev., for R. C. Johnson & Associates.

## OPINION

ROGER D. FOLEY, Chief Judge.

### STATEMENT OF THE CASE

Plaintiff has sued the Showboat Hotel for negligence and personal injury. The Show-

boat filed a third party complaint against Jonny Industries and R. C. Johnson and Associates.

Third party defendant Jonny Industries filed a motion for summary judgment on December 12, 1977.

Third party defendant R. C. Johnson filed a motion for summary judgment on April 26, 1978.

### JURISDICTION

This is a diversity action under Title 28, U.S.C., § 1332. Plaintiff is a resident of Illinois. Defendant Showboat Operating Co. is a corporation doing business in Nevada. The amount in controversy exceeds $10,000.

### FACTS

In 1962 defendant Showboat contracted with R. C. Johnson as general contractor to construct a 100-room addition to the Showboat Hotel. Johnson subcontracted with Jonny Industries to supply 100 "Jonny 280" shower enclosures for the rooms, which enclosures were subsequently installed in each of the 100 rooms. The construction was substantially completed by July 1963 and was fully completed by October 1963.

On August 4, 1974, plaintiff Loretta Jasinski was allegedly injured when the shower apparatus collapsed, causing her to fall. She filed suit against the Showboat on July 21, 1976. On December 13, 1976, defendant Showboat filed a third party claim against Jonny Industries and R. C. Johnson and Associates.

### APPLICABLE STATUTE

NRS 11.205:

"Actions for damages for injury to person or property or wrongful death caused by deficiency in design, planning, supervision of construction or construction of improvements to real property.

"1. No action in tort, contract or otherwise shall be commenced against *any person performing or furnishing the design, planning, supervision or observation*

*of construction, or the construction, of an improvement to real property more than 6 years after the substantial completion of such an improvement,* for the recovery of damages for:

"(a) Any deficiency in the design, planning, supervision or observation of construction or construction of such an improvement; or

"(b) Injury to real or personal property caused by any such deficiency; or

"(c) Injury to or wrongful death of a person caused by any such deficiency.

"2. Notwithstanding the provisions of NRS 11.190 and subsection 1 of this section, where injury occurs in the sixth year after substantial completion of such an improvement, an action for damages for injury to property or person, damages for wrongful death resulting from such injury or damages for breach of contract may be commenced within 1 year after the date of such injury, irrespective of the date of death, but in no event may an action be commenced more than 7 years after the substantial completion of the improvement.

"3. Where an action for damages for wrongful death or injury to person or property caused by any deficiency in an improvement to real property is brought against a person in actual possession or control as owner, tenant or otherwise of such improvement, the limitation prescribed by this section shall not be a defense for such person." (Emphasis added.)

## DISCUSSION

Whether or not summary judgment should be granted in favor of the moving third party defendants depends on the construction of NRS 11.205 (set out in full above). If either or both third party defendants are covered by the statute of limitations, then summary judgment is appropriate as a matter of law. If they are not covered, summary judgment should be denied as the issues of fact remain as to whether or not the shower door in question was defective, and whether or not the hotel was negligent in its maintenance of the door.

It is important to correctly designate the parties to determine if they are within the purview of NRS 11.205. R. C. Johnson was the *general contractor.* Jonny Industries was the *supplier and seller* of the shower doors. Jonny Industries did not install the shower doors.

Both moving parties rely on *Nevada Lakeshore Co., Inc. v. Diamond Electric, Inc.,* 89 Nev. 293, 511 P.2d 113 (1973), as support for their summary judgment motions. The plaintiff in *Lakeshore* sought indemnity on theories of negligence, breach of warranty and strict liability in tort, in that an electrical system and parts were defective in several respects and were improperly installed. The Nevada Supreme Court held that NRS 11.205 applied to indemnity actions and affirmed summary judgment in favor of the parties who *"designed and installed* the electrical system *and furnished* the component parts thereof." 89 Nev. at 295, 511 P.2d at 114. The Court stated:

"The apparent purpose of NRS 11.205 is to afford ultimate repose and protection from liability for persons engaged in the *designing, planning* and *construction* of improvements to realty. Without protection such persons would be subject to liability for many years after they had lost control over the improvement or its use or maintenance." (Emphasis added.) 89 Nev. at 295–96, 511 P.2d at 114.

The Court in *Lakeshore* decided whether or not NRS 11.205 was applicable to indemnity actions. The Court apparently held without discussion or analysis that all respondents in the action, i. e., those who *designed, installed* and *furnished* the parts, are covered by the statute of limitations in NRS 11.205. If *Lakeshore* is considered as controlling in the instant case, then this Court would be bound by that ruling and would have to find that both third party defendants are covered by NRS 11.205.

However, it is arguable that a supplier or seller of a product which is furnished to be installed as a part of a construction project

is not covered by the limitation period of NRS 11.205. Numerous states have statutes that are almost identical to NRS 11.-205. In *Howell v. Burk,* 90 N.M. 688, 568 P.2d 214 (1977), the New Mexico Court of Appeals dealt at length with a statute substantially identical to ours, in a case where the plaintiff was injured in a collision with a glass window or door. The defendants were: (1) the owner of the building, (2) the contractor, (3) the architect, and (4) the manufacturer, seller and installer of the glass. The New Mexico Court held that a manufacturer or seller is not protected by the statute of limitations:

> "To the extent that PPG is sued as manufacturer or seller of the glass, PPG is not covered by the statute and the summary judgment in favor of PPG as to these claims was error. To the extent that PPG is sued as the designer or installer of the glass, PPG is covered by the statute and the summary judgment in its favor was correct." 568 P.2d at 223.

Other cases decided under similar statutes support this distinction. In *Yakima Fruit & Cold Storage Co. v. Central Heating & Plumbing Co.,* 81 Wash.2d 528, 503 P.2d 108 (1973), the Court held that the statute of limitations was applicable to a contractor who designed and installed a defective refrigeration system. In *Reeves v. Ille Electric Co.,* 551 P.2d 647 (Mont.1976), the Court held that a similar architects and builders' statute was not applicable to a materialman whose product was incorporated into the construction. See *Skinner v. Anderson,* 38 Ill.2d 455, 231 N.E.2d 588 (1967). In *Agus v. Future Chattanooga Development Corp.,* 358 F.Supp. 246 (E.D.Tenn.1973), the Court stated that the purpose of such a statute was to "insulate contractors, architects, engineers and the like from liability for their defective construction or design of improvements to realty." 358 F.Supp. at 251.

It seems that the most reasonable construction of the Nevada statute would be in accord with *Howell,* supra, i. e., that suppliers or sellers of materials are not covered: The words of the statute itself specifically name those who are immune from suit and no mention is made of suppliers. The legislative intent appears to be to protect those who are dealing in the nontangible aspects of the construction—labor, design, planning, supervision—and not to the tangible products used in the construction.

However, the *Lakeshore* opinion, to the extent that it "decided" the question, seems to preclude this interpretation. It is not clear from the opinion if the issue before this Court was presented by the parties or considered by the Court in *Lakeshore.*

From the language of the Nevada Supreme Court:

> "Appellants (defendants below) then commenced a third-party action against respondents who *designed and installed* the electrical system *and furnished* the component parts thereof."

This Court cannot tell whether the party who *furnished* the component parts was the same party who *designed and installed* the electrical system and the component parts thereof, or the same party who either *designed* or *installed* the same.

Hence, the question of whether the material supplier alone apart from:

> ". . . any person performing or furnishing the design, planning, supervision or observation of construction, or the construction, of an improvement to real property . . ."

is covered by the instant statute of limitations, is unclear from the Nevada opinion. However, were it not for *Lakeshore* this Court would follow the construction placed on substantially identical statutes by the New Mexico court and the other courts whose decisions are discussed supra, that is, a party who merely furnishes materials is not within the statutory bar of NRS 11.205.

■ Additionally, defendant and third party plaintiff Showboat has raised the issues that this is a products liability action and therefore NRS 11.205 does not apply, and also that a shower door is not an improvement to realty, and therefore NRS 11.205 is not applicable. A review of the briefs of counsel, the statute, and the *Lakeshore* decision indicates that these additional contentions are without merit. The

Court in *Lakeshore* applied NRS 11.205 to a claim that sounded in products liability. Also, the authorities cited by counsel indicate that the applicability of the statute does not turn on whether or not the product involved can be characterized as a "fixture"; rather, the statute addresses itself to the *activity* of the persons involved in the construction project.

CONCLUSIONS

■ NRS 11.205 is clearly applicable to third party defendant R. C. Johnson and Associates as general contractor for the construction project and, under *Lakeshore*, is apparently applicable to Jonny Industries as well. Therefore, both motions for summary judgment should be granted as a matter of law because any claims against these third party defendants are barred by the provisions of NRS 11.205.

This opinion constitutes this Court's findings of fact and conclusions of law. Let summary judgment be entered accordingly.