[Civ. No. 16017. Third Dist. Nov. 6, 1978.]

DEAN ALLEN WAGNER,
Cross-complainant and Appellant, v.
THE STATE OF CALIFORNIA et al.,
Cross-defendants and Respondents.

924

**COUNSEL**

Ericksen, Ericksen, Lynch, Mackenroth & Arbuthnot, Ericksen, Lynch, Mackenroth, Arbuthnot & Brennan, Ericksen, Mackenroth & Arbuthnot, David E. Mackenroth, James T. Anwyl and William A. Chaffin, Jr., for Cross-complainant and Appellant.

Harry S. Fenton, Robert T. Carlson, George L. Cory, McDonough, Holland, Schwartz & Allen, Alice Woodyard and G. Richard Brown for Cross-defendants and Respondents.

## OPINION

**PARAS, J.**—This case arose out of a personal injury action filed by Thomas Archor McGuire against Dean Allen Wagner for alleged negligence of Wagner in the operation of his vehicle. Wagner answered. More than a year and a half later, pursuant to stipulation, he filed a cross-complaint against the State of California (State) and the Spink Corporation, an engineering firm, as well as against other parties not involved in this appeal. In the cross-complaint Wagner alleged that the cross-defendants were negligent in the design, planning, construction, maintenance and posting of the intersection where the accident occurred, and that as the result of their negligence McGuire was injured and sued Wagner for his damages. Wagner sought a declaration of rights in respect to the responsibility of the cross-defendants for the injuries suffered by McGuire, and in the event that he were found liable to McGuire he sought contribution from cross-defendants in proportion to their fault.

The State demurred to the cross-complaint, asserting sovereign immunity from suits for indemnity. The State further contended that Wagner could only be found liable to McGuire if he were guilty of active negligence, and active negligence would defeat any claim for implied indemnity. The Spink Corporation demurred to the cross-complaint on the ground that the statute of limitations had run on the action.

The trial court sustained the demurrer of the State on the ground that no cause of action was stated against it. The court sustained the Spink Corporation's demurrer on the ground that the action was barred by the statute of limitations. Judgments of dismissal were entered and Wagner appeals.

The briefs in this case raised several difficult issues which were left unresolved when the California Supreme Court adopted comparative negligence as the law of California in *Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393]. Subsequent to oral argument the Supreme Court issued its opinion in *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146

Cal.Rptr. 182, 578 P.2d 899]. The State then requested and was granted leave to file additional briefing in light of the decision in *American Motorcycle*. In a series of recent opinions the Supreme Court has explored and resolved many of the issues left open by the *Li* opinion, and under the authority of those opinions we reverse the judgment in favor of the State and remand for further proceedings. We affirm as to the Spink Corporation.

1. *The cross-complaint against the State.*

In its original brief the State contended that Wagner cannot maintain an action for implied indemnity, that the courts should not attempt to modify California's contribution statute, that a defendant cannot join other tortfeasors in the action, and that modification of joint and several liability would be more appropriate than modification of the law of contribution and indemnity. These contentions were laid to rest in *American Motorcycle*. There the Supreme Court first refused to modify or abolish the joint and several liability of concurrent tortfeasors (*id.*, at p. 586); a concurrent tortfeasor whose negligence is a proximate cause of an indivisible injury is liable for the total damages of the plaintiff, diminished only in proportion to the amount of negligence attributable to the plaintiff. (*Id.*, at p. 591.)

After thus refusing to alter the law of joint and several liability, the Supreme Court next considered, and modified, the common law doctrine of equitable indemnity. (*Id.*, at p. 591.) It rejected the "all or nothing" common law indemnity doctrine and ruled that a concurrent tortfeasor may obtain indemnity from other tortfeasors on a comparative fault basis. (*Id.*, at pp. 598-599.) The court further rejected the contention that it was precluded by California's contribution statutes from fashioning a comparative equitable indemnity doctrine. (*Id.*, at p. 599.)

In light of its decision to modify equitable indemnity so as to allow a concurrent tortfeasor to obtain partial indemnity, the court then considered whether a defendant can join another alleged tortfeasor by cross-complaint. It determined that he may do so, even when the plaintiff has not named that party as a defendant. (*Id.*, at p. 607.)

In his cross-complaint, Wagner alleged that the State was negligent and that its negligence contributed to McGuire's injury; he sought indemnity to the extent of the State's negligence in the event he was

found liable to McGuire. The cross-complaint thus stated a cause of action for comparative indemnity against the State.[1]

In its supplemental brief the State argues that sovereign immunity exists for a claim for comparative equitable indemnity, since the doctrine is based upon common law, is not statutory, and is thus barred by Government Code section 815. This argument was considered and rejected by the Supreme Court in *E. L. White, Inc.* v. *City of Huntington Beach* (1978) 21 Cal.3d 497 [146 Cal.Rptr. 614, 579 P.2d 505]. The court held that the liability of a governmental entity for "injury" caused by a dangerous condition of its property under Government Code sections 810.8 and 835 includes within its broad terms damage sustained under circumstances such as those in the present case. (*Id.*, at pp. 511-512.) Governmental immunity is therefore inapplicable.

### 2. *The cross-complaint against the Spink Corporation.*

Section 337.1 of the Code of Civil Procedure requires that an action based upon a patent deficiency resulting from the activities associated with construction of an improvement to real property (such activities occurred prior to 1964, according to the cross-complaint) be brought within four years after substantial completion of such improvement.[2] A patent defect is one which can be discovered by such an inspection as would be made in the exercise of ordinary care and prudence. (*Kearns* v. *Smith* (1942) 55 Cal.App.2d 532, 534 [131 P.2d 36]; Black's Law Dict. (4th ed. 1968) p. 1281.) This is contrasted with a latent defect, one which is hidden and which would not be discovered by a reasonably careful inspection. (*Kearns, supra,* 55 Cal.App.2d at p. 534; Black's Law Dict., *supra,* at p. 1026.)

---

[1]The opinion in *American Motorcycle* is retroactive to cases in which the trial had not begun prior to the date the opinion became final in the Supreme Court, and to any case in which the issues were preserved for appeal at trial. (See *Safeway Stores, Inc.* v. *Nest-Kart* (1978) 21 Cal.3d 322, 333 [146 Cal.Rptr. 550, 579 P.2d 441]; *Daly* v. *General Motors Corp.* (1978) 20 Cal.3d 725, 743 [144 Cal.Rptr. 380, 575 P.2d 1162].)

[2]Section 337.1 states:

"(a) Except as otherwise provided in this section, no action shall be brought to recover damages from any person performing or furnishing the design, specifications, surveying, planning, supervision or observation of construction or construction of an improvement to real property more than four years after the substantial completion of such improvement for any of the following:

"(1) Any patent deficiency in the design, specifications, surveying, planning, supervision or observation of construction or construction of an improvement to, or survey of, real property;

Defendant contends that section 337.1 is not applicable to this case since it was not enacted until 1967 (Stats. 1967, ch. 1326, § 1, pp. 3157-3158) and cannot apply retroactively. ■ While it is true that legislative enactments are generally presumed to operate prospectively and not retroactively (*In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 587 [128 Cal.Rptr. 427, 546 P.2d 1371]), the application of a newly enacted period of limitations whose operation depends upon some facts or conditions which were in existence prior to the enactment does not mean that the statute is being retroactively applied. (*Sitzman v. City Board of Education* (1964) 61 Cal.2d 88, 89 [37 Cal.Rptr. 191, 389 P.2d 719]; *Aetna Cas. & Surety Co. v. Ind. Acc. Com.* (1947) 30 Cal.2d 388, 391, 394 [182 P.2d 159].) In any event, more than four years elapsed between the enactment of the statute and the filing of the complaint; thus Wagner necessarily is barred, irrespective of retroactivity, if the limitations period set forth in section 337.1 is applicable. (See *Scheas v. Robertson* (1951) 38 Cal.2d 119, 125 [238 P.2d 982]; *Rosefield Packing Co. v. Superior Court* (1935) 4 Cal.2d 120, 122-123 [47 P.2d 716]; *Olivas v. Weiner* (1954) 127 Cal.App.2d 597, 600-601 [274 P.2d 476].)

■ The argument that the limitations period of section 337.1 is inapplicable because defendant seeks indemnity is unacceptable. Since the limitations period set forth in section 337.1 would preclude any action other than one excepted by that section, it follows that an action for indemnity based on the same events should also be precluded. (Code Civ. Proc., § 337.1; see *Scheas v. Robertson, supra,* 38 Cal.2d at p. 125; *Nevada Lakeshore Co., Inc. v. Diamond Electric, Inc.* (1973) 89 Nev. 293 [511 P.2d 113, 114]; *Agus v. Future Chattanooga Development Corporation* (E.D. Tenn. 1973) 358 F.Supp. 246, 251.)

---

"(2) Injury to property, real or personal, arising out of any such patent deficiency; or

"(3) Injury to the person or for wrongful death arising out of any such patent deficiency.

"(b) If, by reason of such patent deficiency, an injury to property or the person or an injury causing wrongful death occurs during the fourth year after such substantial completion, an action in tort to recover damages for such an injury or wrongful death may be brought within one year after the date on which such injury occurred, irrespective of the date of death, but in no event may such an action be brought more than five years after the substantial completion of construction of such improvement.

"(c) Nothing in this section shall be construed as extending the period prescribed by the laws of this state for the bringing of any action.

"(d) The limitation prescribed by this section shall not be asserted by way of defense by any person in actual possession or the control, as owner, tenant or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury or death for which it is proposed to bring an action.

"(e) As used in this section, 'patent deficiency' means a deficiency which is apparent by reasonable inspection.

"(f) Subdivisions (a) and (b) shall not apply to any owner-occupied single-unit residence."

■ In order to prevent the application of section 337.1, defendant argues that the provision is unconstitutional as a denial of equal protection of the law. The equal protection standards under the Fourteenth Amendment to the United States Constitution and article I, section 7 of the California Constitution are substantially the same. (*Sail'er Inn, Inc.* v. *Kirby* (1971) 5 Cal.3d 1, 15, fn. 13 [95 Cal.Rptr. 329, 485 P.2d 529, 46 A.L.R.3d 351].) As stated in *Westbrook* v. *Mihaly* (1970) 2 Cal.3d 765, 784 [87 Cal.Rptr. 839, 471 P.2d 487]: "In the area of economic regulation, the high court has exercised restraint, investing legislation with a presumption of constitutionality and requiring merely that distinctions drawn by a challenged statute bear some rational relationship to a conceivable legitimate state purpose." (See *Schwalbe* v. *Jones* (1976) 16 Cal.3d 514, 517-518 [128 Cal.Rptr. 321, 546 P.2d 1033]; *Agricultural Labor Relations Bd.* v. *Superior Court* (1976) 16 Cal.3d 392, 410 [128 Cal.Rptr. 183, 546 P.2d 687]; *Ganschow* v. *Ganschow* (1975) 14 Cal.3d 150, 158 [120 Cal.Rptr. 865, 534 P.2d 705].)

It is contended that the granting of a statutory bar to liability to those persons associated with the construction on and improvements to real property, as distinguished from the construction of and improvements to personal property, discriminates against those persons associated with personal property. The burden of demonstrating the invalidity of this classification is on defendant. (*Schwalbe* v. *Jones, supra*, 16 Cal.3d at p. 518.) He simply alleges "[t]he obvious effect of such an enactment is to deny one class a protection provided by legislative enactment while extending the same protection to a class similarly situated. This type of legislation is patently unequal in its treatment of similar classes of businesses and hence suspect in violating the equal protection of the laws." Defendant has not sustained his burden of establishing that this classification bears no rational relationship to any conceivable legitimate state purpose. (*Id.,* at pp. 517-518.) He has made the erroneous assumption that section 337.1 touches upon a suspect class or upon a fundamental right which requires subjecting the classification to strict scrutiny. (*Ganschow* v. *Ganschow, supra,* 14 Cal.3d at p. 158; *Westbrook* v. *Mihaly, supra,* 2 Cal.3d at pp. 784-785.)

The statutory limitation of section 337.1 precluding liability for a patent defect after a period of four years from the date of substantial completion of an improvement to real property can be said to promote such construction, since it frees those associated with it from the specter of lawsuits in the distant future. Those who fear venturing into such activities will be less deterred when a ceiling is placed on the period for which they can be held liable. The concept of promoting construction

tends to harmonize with the public policy favoring the full enjoyment and use of real property. (See Civ. Code, § 711; 5 Powell on Real Property (1977) Promises as to Use, § 673, p. 156.) We conclude that the classification complained of does not result in a denial of equal protection of the law. (*Agricultural Labor Relations Bd.* v. *Superior Court, supra,* 16 Cal.3d at p. 410; *Stanley* v. *City and County of San Francisco* (1975) 48 Cal.App.3d 575, 580-581 [121 Cal.Rptr. 842].)

▮ Wagner did not allege a latent defect, nor otherwise seek in the cross-complaint to remove the case factually from the purview of section 337.1. He did not claim a latent defect in his points and authorities before the trial court. In an opening brief, a closing brief, and a supplemental brief in this court, he has not argued that the claimed defect was latent, despite the statement in the Spink brief that "Wagner has not disputed . . . that the defect, if its exists, would be a 'patent' defect within the definition provided by section 337.1(e)."[3] He has never indicated an inclination to amend the cross-complaint. The cause of action asserted by Wagner therefore is controlled by section 337.1, and hence is barred. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 428, pp. 4394-4395.)

The judgment in favor of the State is reversed; the judgment in favor of Spink is affirmed.

Regan, Acting P. J., concurred.

**REYNOSO, J.**—I dissent as to Spink Corporation. The cross-complaint charged that the Spink Corporation was "negligent in regards to the designing, planning and construction of Fee Drive and the intersection of Fee Drive and Tribute Road. Because of said negligent designing, planning and construction, said areas were and are unsafe for the operation of motorcycles and vehicles. Said dangerous condition exposes the public to a foreseeable risk of harm." The cross-complaint must be liberally construed with a view to substantial justice between the parties. (Code Civ. Proc., § 452.) Nothing in the complaint establishes or concedes that the dangerous condition was patent. Latent deficiencies in the planning or construction of improvements to real property are controlled by Code of Civil Procedure section 337.15.[1]

The express language of Code of Civil Procedure section 337.15, unlike section 337.1, does not bar an action for personal injury or death arising

---

[3] The undoubted reason for this is that the roadway condition is patent and any defect therein is readily discoverable.

[1] Code of Civil Procedure section 337.15 provides:

"(a) No action may be brought to recover damages from any person who develops real

out of the latent deficiency. This omission is significant. When it was introduced in the Legislature the original bill contained a reference to personal injury and wrongful death arising from latent defects (Assem. Bill No. 2742, Apr. 15, 1971), but that reference was deleted by amendments and the section was enacted in its present form. (Stats. 1971, ch. 1569.) An action for personal injury or wrongful death is not barred by section 337.15.

Inasmuch as the complaint failed to establish that the deficiency was patent rather than latent, the demurrer of the Spink Corporation should have been overruled. We are aware that in proving that the deficiency was latent rather than patent, Wagner will bring the defect within a governmental immunity (see Van Alstyne, Cal. Government Tort Liability (Cont.Ed.Bar 1964) §§ 6.10-6.25, pp. 190-211), and that if he proves that the deficiency was patent rather than latent Spink Corporation will have the benefit of Code of Civil Procedure section 337.1. However, a plaintiff may plead alternative causes of action against different defendants. (*Lambert* v. *Southern Counties Gas Co.* (1959) 52 Cal.2d 347, 352-354 [340 P.2d 608].)

The judgment in favor of Spink Corporation should also be reversed.

A petition for a rehearing was denied November 30, 1978, and appellant's petition for a hearing by the Supreme Court was denied January 3, 1979.

---

property or performs or furnishes the design, specifications, surveying, planning, supervision, testing, or observation of construction or construction of an improvement to real property more than 10 years after the substantial completion of such development or improvement for any of the following:

"(1) Any latent deficiency in the design, specification, surveying, planning, supervision, or observation of construction or construction of an improvement to, or survey of, real property.

"(2) Injury to property, real or personal, arising out of any such latent deficiency.

"(b) As used in this section, 'latent deficiency' means a deficiency which is not apparent by reasonable inspection.

"(c) As used in this section, 'action' includes an action for indemnity brought against a person arising out of his performance or furnishing of services or materials referred to in this section, except that a cross-complaint for indemnity may be filed pursuant to Section 442 in an action which has been brought within the time period set forth in subdivision (a) of this section.

"(d) Nothing in this section shall be construed as extending the period prescribed by the laws of this state for bringing any action.

"(e) The limitation prescribed by this section shall not be asserted by way of defense by any person in actual possession or the control, as owner, tenant or otherwise, of such an improvement, at the time any deficiency in such improvement constitutes the proximate cause for which it is proposed to bring an action.

"(f) This section shall not apply to actions based on willful misconduct or fraudulent concealment."