Filed 6/8/16  Topline Supply v. Superior Court CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| TOPLINE SUPPLY, INC., | |
| Petitioner, | E063391 |
| v. | (Super.Ct.No. CIVDS1302091) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| PMB SB 399-401 EAST HIGHLAND, LLC, a Delaware Limited Liability Company et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Bryan Foster, Judge.

Petition is granted.

Marrone, Robinson, Frederick & Foster, J. Alan Frederick and Jennifer E. Traylor,

for Petitioner.

No appearance for Respondent.

1

Kuluva, Armijo & Garcia, and Lori D. Serota, for Real Parties in Interest.

Petitioner Topline Supply, Inc. (hereinafter Topline), defendant below, seeks review by way of mandamus of the trial court's order denying its motion for summary judgment. We find the "accepted work" doctrine applicable and that it bars the cross-complaint of real parties in interest. Accordingly, we will grant the petition.

I

STATEMENT OF THE CASE

The underlying action is a premises liability/slip and fall case brought by plaintiff Connie Rogers against real parties in interest PMB SB 399-401 East Highland, LLC, and PMB Real Estate Services, LLC (hereinafter PMB or real parties). Topline was not named as a defendant, but PMB filed a cross-complaint for indemnity and related relief, as to which cross-complaint Topline was added in place of "Roe 1."

Topline moved for summary judgment on the basis of the "accepted work" doctrine and also argued that any claim was barred by the four-year statute of limitations set out in Code of Civil Procedure section 337.1.

The evidence presented by Topline tended to show that in 2005, Topline contracted with PMB to provide certain renovation services on the subject premises, including the installation of tile on a handicapped access ramp which is the subject of plaintiff's complaint. This contract included a provision relating to final payment, which

2

provided that "the Architect[1] will inspect the Work. When the Architect finds the Work acceptable and the Contract fully performed, the Architect will promptly issue a final Certificate for Payment." Topline's declarant stated that Topline finished the work and was fully paid, and that PMB had never contacted Topline with any complaints or requests for repairs.

PMB did not respond to the motion, but the trial court nevertheless denied it because it felt that the "accepted work" doctrine did not free a contractor from liability if the hirer had been sued by a third party. The court also ruled that Topline had failed to show that the *owner* had accepted the work[2] and that its statute of limitations defense failed because it had failed to properly plead the defense.[3]

This petition followed. We initially believed that the "accepted work" defense had merit, and we also assumed that because PMB had failed to respond to the motion for summary judgment, it had probably implicitly conceded that its action against Topline must fail on some basis. We asked PMB for an informal response (see *Palma v. U.S.*

---

[1] The parties' contract incorporated a form contract created by the American Institute of Architects and captioned "General Conditions of the Contract for Construction of a Small Project." The parties are described as "Owner" and "Architect." PMB is listed as "Owner" and the space for "Architect" has been left blank. It is apparent that "Architect," in the text of the document, must be construed to mean Topline, the contractor.

[2] PMB was apparently a property manager for St. Bernardine Medical Center. However, PMB was specifically described as the "Owner" in the contract documents. It seems beyond dispute that PMB was either the owner or the owner's agent.

[3] Topline's answer to the cross-complaint included defenses based on Code of Civil Procedure sections 339 and 337, but not the relevant statute, section 337.1.

*Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178), believing that to be a mere formality.

However, PMB *did* file a response in this court, which led to a partial derailment of the case into a dispute over whether PMB should even be permitted to raise legal arguments. PMB's excuse, as set out in its response in this court, was that (1) upon receiving the motion, counsel contacted a colleague for assistance, and asked that attorney to prepare opposition and to appear at the hearing. Counsel overlooked the colleague's communication declining to take on the matter. "Coincidentally," another member of the firm was on court call at the time of the hearing on Topline's motion, but merely noted that the trial court denied the motion and therefore saw no need to intervene.[4] For the same reason primary counsel saw no reason to ask the court for the opportunity to file a tardy response. (See Code Civ. Proc., § 473.)

To dispose of this issue first, we agree with PMB that we can, and should, consider its argument on the merits. Whatever the merits of PMB's excuses, in fact it is correct that it could not have sought relief under Code of Civil Procedure section 473 even if it had wanted to, as there was no "judgment, dismissal, order, or other proceeding *taken against him or her . . . .*" (Code Civ. Proc., § 473, italics added.) If the trial court had *granted* Topline's motion, we agree that PMB most probably would have been required to submit its excuses to the trial court for consideration under section 473. But

---

[4] Topline's attorney opened the hearing by noting that there was no opposition. Why this did not spur associate counsel to break in is not clear.

as it is, PMB had no ruling to challenge below, and it has not defaulted before *this* court in *these* proceedings. There is the further consideration that if PMB's arguments have merit, we would be loath to order the trial court to enter an erroneous judgment.

Accordingly, we proceed to the merits.

II

DISCUSSION

A.

As we noted above, Topline raised the statute of limitations as a defense, but did not specify the correct statute. We cannot say that the trial court erred in this strict application of the rules, which is supported by recent authority. (*Martin v. Van Bergen* (2012) 209 Cal.App.4th 84, 91.) More fundamentally, a claim for indemnity " 'does not accrue for statute of limitations purposes when the original accident occurs, but instead accrues at the time the tort defendant pays a judgment or settlement as to which he is entitled to indemnity.' " (*Valley Circle Estates v. VTN Consolidated*, *Inc.* (1983) 33 Cal.3d 604, 611, quoted in *Valley Crest Landscape Development*, *Inc. v. Mission Pools of Escondido*, *Inc.* (2015) 238 Cal.App.4th 468, 481 (*Valley Crest*).)[5] Hence, the trial court's ruling on this point was correct.[6]

---

[5] *Valley Crest* also involved an attempt to use Code of Civil Procedure section 337.1's limitation period against the party seeking indemnification.

[6] At oral argument, Topline relied on *Wagner v. State of California* (1978) 86 Cal.App.3d 922 for the principle that under Code of Civil Procedure section 337.1, a claim for equitable indemnity must also be brought within four years. *Wagner* has been repeatedly distinguished and criticized for its failure to apply the standard rule on accrual.

*[footnote continued on next page]*

B.

The "accepted work" doctrine or rule provides that once an owner who has contracted for the construction of an improvement has accepted the work, it is the owner who is solely liable to third parties injured due to a defect or condition of the improvement. The theory is that the owner, by accepting the work, implicitly approves of its safety and takes on the responsibility towards third parties. (*Boswell v. Laird* (1857) 8 Cal. 469, 498.) The rule has evolved, however, to apply only to those defects which are patent, so that it is fair to place upon the owner the obligation of recognizing them and requiring them to be corrected before the work is accepted. (*Sanchez v. Swinerton & Walberg Co.* (1996) 47 Cal.App.4th 1461, 1466-1470 (*Sanchez*), and cases cited.)

In this case, the alleged defect is that the tiles were too slippery when wet. PMB's building manager testified at his deposition that he knew the tiles were slippery when wet and instructed employees to put mats down to improve the footing well before plaintiff fell.[7] PMB had also purchased a slip-resistant material in 2009 and admitted that it had applied slip-resistant epoxy to the tiles.

---

*[footnote continued from previous page]*
(See *Valley Crest*, *supra*, 238 Cal.App.4th at p. 480; *Crouse v. Brobeck, Phleger & Harrison* (1998) 67 Cal.App.4th 1509, 1542.) We also note that Code of Civil Procedure section 337.15, which applies to suits involving *latent* defects, expressly includes actions for indemnity within its scope, whereas section 337.1 does not. We therefore believe our analysis is correct.

[7] The complaint does not expressly allege that the tiles were wet when plaintiff fell. However, Topline served requests for admission on PMB which asked it to admit

*[footnote continued on next page]*

*Sanchez*, *supra*, 47 Cal.App.4th 1461 was also a slip and fall case. An upstairs landing of a building had been constructed so that it sloped slightly towards the entrance, which caused water to pool on the landing during rainy periods. The owner and the owner's employees had noticed the problem in the past and had attempted to rectify it by placing sandbags to divert the water. (*Id*. at p. 1464.) The appellate court had no difficulty in concluding that any defect in the construction was patent, relying both on the fact of the pooling and the evidence that the problem had actually been observed by the owner. (*Id*. at pp. 1470-1471) It is similarly plain here that PMB was aware that the tiles became slippery when wet and in fact attempted on its own to improve the situation.

For the purpose of applying the "accepted work" doctrine, Topline carried its burden, if we consider both the specific evidence presented and reasonable inferences to be drawn therefrom. (See *Carlsen v. Koivumaki* (2014) 227 Cal.App.4th 879, 891-892.) Topline was fully paid for its work and the contract provides that final payment is to be made only after the "Architect" inspected the work and found it "acceptable." This is another way of saying that final payment is to be made after the work is "accepted." That the tiles became slippery when wet became obvious to PMB and its agents well before plaintiff's alleged fall. Hence, Topline was relieved of liability for any injury suffered by a third party.

---

*[footnote continued from previous page]*
that "Plaintiff alleges that she slipped on the tile . . . because the tile had become slippery when wet." PMB admitted this.

The trial court apparently believed that the "accepted work" doctrine *only* applies to bar actions by the *injured party*, and not actions for indemnity by a joint tortfeasor. But the "shorthand" rule is that there can be no duty to indemnify without liability to the injured party. (See *Prince v. Pacific Gas & Electric Co.* (2009) 45 Cal.4th 1151, 1159.) In *Children's Hospital v. Sedgwick* (1996) 45 Cal.App.4th 1780, a doctor defendant prevailed at the trial of a malpractice action. The hospital at which the plaintiff had been treated settled with the plaintiff, and then sought indemnification from the doctor. (*Id.* at pp. 1783-1984.) The court rejected the hospital's suit, commenting that "an action for equitable indemnity is 'wholly derivative and subject to whatever immunities or other limitations on liability [that] would otherwise be available.' " (*Id.* at p. 1787.)

We conclude that the trial court erred in not granting summary judgment to Topline.

However, as we have noted above, this case is procedurally more than peculiar. Possibly through no fault of its own (or through an excusable fault), real parties in interest have not had the opportunity to *factually* dispute Topline's contentions. Accordingly, we asked PMB whether it could represent in good faith that, if permitted to do so, it could introduce evidence which would tend to show a triable issue of material fact.

PMB fails to do so. Its response largely argues against application of the acceptance rule but it provides no concrete basis on which to conclude, or even suspect, that the project was not completed and accepted. PMB's primary argument is that the

8

subject tile was selected by Topline and that the authorities which we have discussed above do not preclude liability for a defective product.

The theory that the tile was selected by Topline would be inconsistent with the evidence, specifically the declaration by Topline's representative and contract documents containing communications by Topline such as "[w]e need tile and grout selection, and pattern selection." However, even assuming that PMB could raise a triable issue as to selection, nothing in the record suggests that the tile was in fact defective. Like many surfaces, it had a tendency to become slippery when wet. But PMB was fully aware of this. Just as the acceptance rule places sole responsibility upon an owner who accepts work which constitutes a patent risk to the public, it should place the same sole responsibility upon an owner who accepts work which contains a product which constitutes a patent risk to the public. After the point of acceptance, it was the owner who had the sole power to correct any known problems and protect the public.[8]

III

DISPOSITION

We therefore conclude that remand is unnecessary. Even if PMB persuaded the trial court that its failure to file opposition was excusable, it has pointed to no factual evidence in its possession which could alter the result we reach.

---

[8] In this context it is informative, but not dispositive, that PMB never asked Topline to install new tiles or otherwise make the area safer.

9

The petition for writ of mandate is granted.  Let a peremptory writ of mandate issue, directing the Superior Court of San Bernardino Superior County to vacate its order denying petitioner's motion for summary judgment, and to enter a new order granting said motion.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.  Petitioner to recover its costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ  
P. J.

We concur:

HOLLENHORST  
J.

McKINSTER  
J.

10